IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON LOCKLEAR
126 HAVERHILL ROAD
JOPPA, MD. 21085

    PLAINTIFF                      CIVIL ACTION No.: JFM-02-4087

v.

Bergman & Beving AB
KARLAVAGEN 76
STOCKHOLM  S-100 55
SWEDEN

and

Luna AB
Sandersbergvägen 3
SE-44180 Alingsäs, Sweden

and

UNKNOWN SELLER OF
the LUNA machine Type IP110/5
SERIAL  #: 954
LOCATED AT
MARYLAND PLASTICS, INC.
ABERDEEN, MD. 21001

and

UNKNOWN DISTRIBUTOR OF
the LUNA machine Type IP110/5
SERIAL  #: 954
LOCATED AT
MARYLAND PLASTICS, INC.
ABERDEEN, MD. 21001

and

UNKNOWN IMPORTER OF

the LUNA machine Type IP110/5
SERIAL #: 954
LOCATED AT
MARYLAND PLASTICS, INC.
ABERDEEN, MD. 21001

    DEFENDANTS
_____,

## AMENDED COMPLAINT

AARON LOCKLEAR ("LOCKLEAR"), by and through his undersigned counsel, sues Defendants and allege as follows:

COUNT I.<br>NEGLIGENCE

1. At all times material hereto, LOCKLEAR was a resident of Joppa, Maryland and was sui juris.

2. At all times material hereto, Defendant, LUNA AB, (AND OR ITS SUCCESSOR OR ASSIGN,PURCHASHER OR SURVIVING LEGAL ENTITY) (hereinafter 'LUNA') was a manufacturer of industrial machines and was located in Alingsäs, Sweden. LUNA, at all times material hereto, was wholly owned subsidiary and agent acting on behalf of Bergman & Beving AB (hereinafter 'BERGMAN') located in Stockholm, Sweden.

3. At all times material hereto, the LUNA machine Type IP110/5 1P110/5SERIAL #: 954 was acquired and operated by MARYLAND PLASTICS, INC. ABERDEEN, MD.

4. MARYLAND PLASTICS, INC. acquired the Wire Roller Machine Type

K/S
Kotzker/Shamy, PL
www.kotzker-shamy.com
*Palm Aire Plaza • 2724 West Atlantic Blvd • Pompano Beach, Florida 33069 • (954) 956-7676 • Facsimile (954) 956-9995*

IP110/5SERIAL #: 954 through an UKNOWN SELLER who received said machine from an UNKOWN DISTRIBUTOR having received said machine from an UNKOWN IMPORTER.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1332 (a)(1-4) because the amount in controversy exceeds $75,000 , exclusive of costs, and is between citizens of different states and in which citizens or subjects of a foreign state are additional parties or between a citizen of the state of Maryland and a subject of a foreign state.

6. That on or about December 20, 1999, the Plaintiff was working for his employer, MARYLAND PLASTICS, INC., as a welder, when he was using the metal fabrication machine at issue in this complaint.

7. That said machine a the LUNA machine Type IP110/5, was delivered to MARYLAND PLASTICS, INC. in substantially the same condition as it was manufactured with no changes or alterations known to have been made by MARYLAND PLASTICS, INC.

8. That on or about December 20, 1999, at approximately 10:45 a.m., the Plaintiff was working on said metal rolling machine when his right hand was caught in the workings of the machine resulting the degloving and destruction of his right hand. As a result the machine capturing Locklear's hand and not releasing it, Plaintiff sustained serious, permanent injuries.

9. That said machine was designed, constructed and built by the Defendant LUNA and BERGMAN and obtained by UNKOWN IMPORTER and distributed by UNKOWN DISTRIBUTOR to UNKOWN SELLER who delivered said machine to

MARYLAND PLASTICS, INC., where it was used for its intended purpose metal fabrication.

10.    That the Defendants negligently, carelessly, and recklessly failed to properly inspect, test, and deliver said machine to the Plaintiff's employer and failed to inspect said machine when they knew or should or have known that the machine was unsafe for its intended purpose, failed to properly warn the Plaintiff that the machine was unsafe and were otherwise negligent.  The Defendants were further negligent in their method of retail sale and delivery of the machine to the Plaintiff's employer and as a direct and proximate result, the Plaintiff was seriously and permanently injured.

11.    That Defendant LUNA and BERGMAN negligently, carelessly, and recklessly manufactured said machine with no or defective guards to ensure hands would not be caught in the machine, and an emergency release to allow for the quick release of limbs captured in the machine.  Further, LUNA and BERGMAN failed to inspect the machine when they knew or should have known that the machine was unsafe for their intended use, failed to properly warn the Plaintiff that the machine unsafe and was otherwise negligent.  As a direct and proximate result, the Plaintiff was seriously and permanently injured.

12.    That it was the duty of the Defendants to exercise reasonable care to protect the Plaintiff by inspection or other affirmative acts from the danger of reasonable foreseeable injury occurring from foreseeable uses of the machine and from their dangerous and unsafe condition.  The Defendant failed to use reasonable care in the design, construction, maintenance, sale and delivery of the aforesaid machine and

delivered it in a manner inconsistent with and not within ordinary standards of care for metal fabrication machines design and safety.

13. That said machine was defective, dangerous and unsafe and was in an unsafe condition at the time they were delivered and that no substantial changes were made to the machine from the date of manufacture and delivery to the day of the Plaintiff's injury and the Defendants were otherwise negligent.

14. That the aforementioned events occurred without the contributory negligence of the Plaintiff.

15. That as a direct and proximate result of the negligence of the Defendants, the Plaintiff Locklear has suffered and will continue to suffer severe and painful and permanent injury and mental anguish, including the partial amputation of his right hand. In addition, the Plaintiff has incurred and will continue to incur in the future considerable sums for medical treatment and medicines, physical therapy, surgeries and other medically related care, Furthermore, the Plaintiff has lost extensive wages and will continue to lose such wages in the future.

Wherefore, the Plaintiff Locklear demands judgment against the Defendants jointly and severally, in the amount of Twenty Five Million dollars $25,000,000 plus costs and interest in the action.

## COUNT II. NEGLIGENCE

16. The Plaintiff adopts, realleges and incorporates all of the factual and jurisdictional allegations contained in paragraphs 1-15 of this complaint.

17. That the aforementioned events occurred without the contributory negligence of the Plaintiff.

18. That as a direct and proximate result of the negligence of the Defendants, the Plaintiff Locklear has suffered and will continue to suffer severe and painful and permanent injury and mental anguish. In addition, the Plaintiff has incurred and will continue to incur in the future considerable sums for medical treatment and medicines, physical therapy, surgical procedures and other medically related care. Furthermore, the Plaintiff has lost extensive wages and will continue to lose such wages in the future.

Wherefore, the Plaintiff Locklear demands judgment against the Defendants jointly and severally, in the amount of Twenty Five Million dollars $25,000,000 plus costs and interest in the action.

## COUNT III

## PRODUCTS LIABILITY AND STRICT LIABILITY IN TORT

19. The Plaintiff adopts, realleges and incorporates all of the factual and jurisdictional allegations contained in paragraphs 1-15 of this complaint.

20. That said machine was defective in design, construction and assembly at the time when the accident occurred and the Plaintiff was injured.

21. That the defective condition to the machine was not known to the Plaintiff and therefore was unreasonably dangerous. That the Defendants placed said unreasonable dangerous products in the stream of commerce.

22. That the Defendants failed to warn and failed to place proper warnings on their machine or warn the Plaintiff in any manner of the inherently dangerous conditions of their machine.

23. That the machine was delivered to Maryland Plastics, Inc., and prepared to be used by the Plaintiff without any substantial change to its manufactured and delivered condition.

24. That the aforesaid defective condition was the cause of the destruction of LOCKLEAR'S hand thereby causing serious injuries.

Wherefore, the Plaintiff Locklear demands judgment against the Defendants jointly and severally, in the amount of Twenty Five Million dollars $25,000,000 plus costs and interest in the action.

## COUNT IV

## BREACH OF WARRANTY, EXPRESS AND IMPLIED

25. The Plaintiff adopts, realleges and incorporates all of the factual and jurisdictional allegations contained in paragraphs 1-15 of this complaint.

26. That at the time of the purchase of the said machine, the Defendants specifically expressly warranted to Maryland Plastics, Inc. that said machine was in reasonably safe condition and free of defects.

27. That said machine was not safe, but defective in that it caught Locklear's hand in its workings thereby causing severe and permanent injuries as a result thereof as previously alleged.

28. That the condition of said machine at the time of the injury was a breach of the warranty expressed under Annotated Code of Maryland, CL 2-313, and/or implied warranty of merchantability and fitness for particular purpose under Annotated Code of Maryland, CL 2-314 and CL2-315, which warranties extend to the Plaintiff.

29. That the Defendants failed to warn and failed to place proper warnings on their machine or warn the Plaintiff in any manner of the inherently dangerous conditions of their machine.

30. That this breach was a direct and proximate cause of the capture of Locklear's hand inside its workings and the direct and proximate cause of the Plaintiff's subsequent injuries and damages.

Wherefore, the Plaintiff Locklear demands judgment against the Defendants jointly and severally, in the amount of Twenty Five Million dollars $25,000,000 plus costs and interest in the action.

## DEMAND FOR JURY TRIAL

Plaintiff LOCKLEAR hereby demands trial by jury of all issues so triable.

Respectfully submitted,

Kotzker/Shamy, P.L.

*John M. Kotzker*
*electronically signed*

---

John M. Kotzker, Esq.
Federal Bar # 10725
Attorney for Plaintiff/Trial Counsel
2724 West Atlantic Boulevard
Pompano Beach, Fl. 33069
(954) 956-7676
Fax (954) 956-9995

K/S
**Kotzker/Shamy, PL**
www.kotzker-shamy.com
*Palm Aire Plaza • 2724 West Atlantic Blvd • Pompano Beach, Florida 33069 • (954) 956-7676 • Facsimile (954) 956-9995*