IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON LOCKLEAR

    PLAINTIFF                  CIVIL ACTION No.: JFM-02-4087

v.

BERGMAN & BEVING, AB, et. al.

    DEFENDANTS
_____,

## **MOTION TO EXTEND THE DEADLINE FOR SERVICE OF PROCESS THROUGH THE HAGUE CONVENTION**

    AARON LOCKLEAR ("LOCKLEAR"), by and through his undersigned counsel, John M. Kotzker, hereby respectfully submits to this Honorable Court this "Motion to Extend the Deadline for Service of Process" on the Defendants in this case; the Plaintiff hereby provides the following as basis for such request for extension:

    1.    This Court has set a deadline for the Plaintiff to effectuate service of process by June 17, 2004.

    2.    Plaintiff has made a good faith attempt to discover the unknown entities, including but not limited to those individuals and entities privy to the chain of commerce who are responsible for the manufacturing, sale and use of the allegedly defected equipment causing severe injury to the Plaintiff.  *As a result of this lengthy, extensive investigation, Plaintiff has identified the corporate entities responsible for the production, sale and delivery of the machine which injured Aaron Locklear and they are corporations located in Sweden.*

    3.    To date, Plaintiff has expended considerable expense in locating the foreign manufacturer that built the machine which malfunctioned and amputated his hand.

    4.    Plaintiff made good faith attempts to discover the existence and location of any American subsidiary and or registered agent, principals, affiliates, executives,

distributors, salesperson(s), and or other individuals involved in the Swedish company and located in the United States.

5. Plaintiff acknowledges and represents to this Court that the purpose of discovering any affiliate and or subsidiary, as described above, was to circumvent the undue burden and indefinite delay that may be involved in serving a foreign corporation, which require the compliance with numerous international conventions, treaties and resolutions.

6. The Defendants in the case at bar do not maintain registered agents in the United States and therefore must be served process pursuant to the Convention on the Service Abroad of Judicial and Extrajudicial Documents, done at the Hague, November 15, 1965, (Hague Service Convention), a treaty providing for service of process on corporations in countries which are signatories to that treaty.

7. On April 12, 2004, the translation into Swedish of the Summons and Complaint, as is required under the Hague Service Convention, was completed and the packages were forwarded from the service agent to the appropriate authorities in Sweden for service. *See Attached Affidavits of Robert Gibson*.

8. Service of process under the Hague Convention can take, on average, 3-5 months in Sweden; but occasionally can take longer. Id.

9. This Court, had extended the time for the Plaintiff to effectuate service of process, until June 17, 2004. The time period that it may take to serve the Defendants in this case could exceed that deadline by several months.

10. Unfortunately, the signers to the convention are not required to provide updates or information regarding status during the pendancy of the period of service. Id.

11. Never the less, undersigned counsel will notify this Court with any additional information that is obtained so that the Court is informed of the progress.

12. Plaintiff further states to this Honorable Court that the injuries sustained as a result of the alleged defective equipment have resulted in the loss of Plaintiff's hand causing continual, substantial mental and physical pain, suffering and irreparable damage and harm; and, it would be in the interest of justice that the Plaintiff's case be heard and tried in this Honorable Court.

13. Plaintiff has no other adequate remedy at law.

14. Plaintiff's counsel represents to this Court that this matter is not dilatory but rather that it is the Plaintiff's desire to get this matter to trial as soon as possible and that finding and serving the correct parties has taken substantial time and resources.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court extend the deadline for Service of Process for his case for a period of five (5) months from the deadline, currently scheduled for June 17, 2004, until November 17, 2004.

Respectfully submitted,

Kotzker/Shamy, P.L.

*John M. Kotzker*
<u>electronically signed</u>
John M. Kotzker, Esq.
Federal Bar # 10725
Attorney for Plaintiff/Trial Counsel
2724 West Atlantic Boulevard
Pompano Beach, Fl. 33069
(954) 956-7676
Fax (954) 956-9995