IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON LOCKLEAR | * | |
| Plaintiff | * | |
| v. | | Civil No. JFM-02-4087 |
| | * | |
| BERGMAN & BEVING AB, et al. | | |
| | * | |
| Defendants | | |
| * * * | | |

DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants, Bergman & Beving AB and Luna AB, by undersigned counsel, move to dismiss the Amended Complaint on the ground that it fails to state a claim upon which relief can be granted. Specifically, all counts of the Amended Complaint as to the newly-added Defendants are barred by limitations. In support thereof, Defendants say as follows:

1. The Amended Complaint naming the new Defendants was not filed until more than three years and nine months after the date of the Plaintiff's injury in an industrial accident; and the new Defendants had no knowledge of the incident until they were notified of the Amended Complaint more than four years after the injury.

2. Relation back to the date of the original Complaint is not permitted under applicable Maryland law. Nor is relation back to the date of the original Complaint permitted under Rule 15. Accordingly, the negligence and strict products liability claims are barred by Maryland's general three-year limitations period.

3.      The machine involved in the accident was manufactured and first sold without express warranty in Sweden in 1982.  Accordingly, the breach of warranty claims are barred both by the two-year statute of limitations provided in the Swedish Sale of Goods Act and by the four-year statute of limitations provided in Maryland's Uniform Commercial Code.

4.      Neither of the Defendants waives any jurisdictional defense raised by separate motion under Rule 12(b)(2)

5.      A Memorandum of points and authorities follows immediately below and is incorporated by reference.

6.      A proposed Order is attached.

WHEREFORE, Defendants Bergman & Beving AB and Luna AB respectfully request that the Amended Complaint be dismissed and that the Court grant such other and further relief as may be just and proper.

_____/s/_____
Douglas W. Biser  #01212

_____/s/_____
Matthew P. Lalumia  #10863
Mudd, Harrison & Burch
105 W. Chesapeake Ave. #300
Towson, MD 21204
(410) 828-1335
(410) 828-1042 [fax]
Attorneys for Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### Introduction

Defendants, Bergman & Beving AB[1] and Luna AB, by undersigned counsel, respectfully submit this Memorandum in support of the pending Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6).

The Plaintiff in this diversity case avers that he was injured in an industrial accident involving a metal-working machine. The Amended Complaint naming two new Defendants, Luna AB and Bergman & Beving AB, was filed more than three years and nine months after the date of the Plaintiff's injury in 1999. The new Defendants had no knowledge of the incident until 2004, more than four years after the injury. As relation back of the Amended Complaint to the date of the original pleading is not permitted under applicable Maryland common law or by Rule 15, the tort claims are accordingly barred by the general three-year limitations period. And as the machine was built and first sold in Sweden in 1982 without express warranty, the breach of warranty claims are barred, in the first instance, by the two-year statute of limitations provided in the Swedish Sale of Goods Act and, in the second instance, by the four-year statute of limitations provided in Maryland's Uniform Commercial Code.

---

[1] The letters AB stand for "Aktiebolag," literally translated from the Swedish as a "sharecompany" or more accurately construed to mean a corporation.

Statement of the Case

The Amended Complaint alleges that on or about December 20, 1999, the Plaintiff, Aaron Locklear, was injured while operating a metal rolling machine within the Maryland Plastics, Inc., plant in Aberdeen, Maryland.  See Amended Complaint at paragraphs 3, 8.  The Amended Complaint further alleges that the machine was designed and built by the Defendants, Luna AB and Bergman & Beving AB.  Id. at ¶9.  The Amended Complaint alleges that Luna AB is a wholly owned subsidiary of Bergman & Beving AB.  Id. at ¶2.

Counts I and II of the Amended Complaint allege negligent design and manufacture of the machine.  Count III alleges strict product liability.  Count IV alleges breach of warranty.

Defendants have now moved to dismiss.

Procedural and Factual History

The Plaintiff avers that he was injured in an industrial accident in Aberdeen on December 20, 1999.  The original Complaint was not filed until December 17, 2002[2], a few days before Maryland's general three-year limitations period was to expire.  The original Complaint [docket paper #1] named the following Defendants:  Hassleholms Mekanisk AB, of Hassleholm, Sweden; a Hassleholms wire roller machine type 1P110/5 (sic); an "Unknown Seller" of the Hassleholms wire roller machine type 1P110/5; an "Unknown Distributor" of the Hassleholms wire roller machine type 1P110/5; and an

---

[2]   The date of the original Complaint and subsequent papers filed in the action are set forth on the electronic civil docket # 1:02-cv-04087-JFM.

4

"Unknown Importer" of the Hassleholms wire roller machine type 1P110/5. The Plaintiff failed to serve any of these original defendants within the general 120-day period contemplated by Rule 4(m), i.e. before April 16, 2003.

By Order dated April 30, 2003 [docket paper #3], the Court directed the Plaintiff to effect service upon Defendant Hassleholms Mekanisk, AB, on or before September 17, 2003. The Order recounted, "On December 16, 2002, plaintiff's counsel submitted a letter to this court in which he requested that the complaint be filed and that service of the summons be held 'at a later date.' Plaintiff's counsel has had no further communication with the court." Shortly before the new deadline, on September 4, 2003, the Plaintiff by motion [docket paper #4] requested a further extension of nine months to serve the defendants, which request was granted by marginal notation on September 8, 2003. The Plaintiff's motion to extend the deadline for service informed the Court in paragraph 3 that "the name on the machine is not the name of the manufacturer but rather the name of the industrial city in Sweden where it was built," and that the Plaintiff had discovered the name and location of the manufacturer of the allegedly defective equipment. By letter dated September 8, 2003 [docket paper #7], the Court directed Plaintiff to file an amended complaint by October 10, 2003.

Plaintiff filed his Amended Complaint on October 9, 2003. The Amended Complaint deleted Hassleholms Mekanisk AB as the named Defendant and substituted instead Bergman & Beving AB, of Stockholm, Sweden, and Luna AB of Alingsås, Sweden. The Amended Complaint further named as Defendants an Unknown Seller, an Unknown Distributor, and an Unknown Importer of a Luna machine type IP110/5.

5

On February 20, 2004, i.e. four years and two months after the accident, Plaintiff's counsel sent an e-mail message to both Luna AB and Bergman & Beving AB advising them of the suit; a copy of the Amended Complaint was attached to that e-mail message. See the Affidavit of Luna AB Managing Director, Ulf Carlsson, (Exhibit 1) at paragraph 3 and the Affidavit of Bergman & Beving AB Management Member, Anders Engström, (Exhibit 2) at paragraph 3. The February 20, 2004, e-mail message was the first notice to Luna AB or Bergman & Beving AB of the accident or of the lawsuit. Id.

According to the available records, a now-defunct entity, MekanLuna AB (Swedish corporate registration number 556199-3139), manufactured machines in 1982 of the type and serial number series alleged in the Amended Complaint. See the Affidavit of Mr. Carlsson, (Exhibit 1) at paragraph 4.[3] The available records indicate that the machine likely was one of three sold in June 1982 to Hässleholms Mekaniska AB. Id. at ¶5. No express or explicit warranties of any kind attached to the sale of the machine. Id. at ¶6.

Additional facts may be introduced as necessary in the following argument.

---

[3] MekanLuna AB no longer exists. Its assets were sold January 1, 1989, to Sommarvinden AB (Swedish corporate registration number 556337-6671) and its shares were sold to Engros AB Ferro (reg. no. 556060-7797). Sommarvinden AB took the new name Nossebro Mekaniska Verkstad AB. Engros AB Ferro subsequently was merged into O. Svengren & Co. AB (reg. no. 556052-7326). See the Affidavit of Mr. Carlsson (Exhibit 1) at paragraph 4.

6

Argument

**1. The tort claims are barred by limitations.**

The alleged injury occurred December 20, 1999. The Amended Complaint was filed October 9, 2003. On its face, the Amended Complaint named Bergman & Beving AB and Luna AB as new Defendants well after the expiration of the applicable Maryland general limitations period of three years governing tort claims. See Annotated Code of Maryland, Courts & Jud. Proc. Art., Section 5-101(1974, 2002 Repl. Vol.). The federal court in a diversity case will apply the statute of limitations of the forum state. United States ex rel. Ackley v. IBM, 110 F. Supp. 2d, 395, 402 (D. Md. 2000). Therefore, the Plaintiff's Amended Complaint against the new, substituted Defendants may only proceed as to the tort claims if the Amended Complaint relates back to the original Complaint. Under Maryland common law and under Rule 15(c), it does not.

Rule 15(c) states in pertinent part:

> **(c) Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party.

*A.   The Amended Complaint does not relate back to the original Complaint under Maryland common law and it is therefore barred by limitations.*

Rule 15(c)(1) first invokes the law of the forum state to decide the question of relation back. Maryland appellate courts have clearly delineated when an amendment relates back and when an amendment fails to relate back to the original pleading. If an amendment merely corrects the name of an original party, as opposed to adding a new party, the doctrine of relation back applies; conversely, if a totally new defendant is added, the doctrine relation back does not apply. Nam v. Montgomery County, 127 Md. App. 172, 186, 732 A.2d 356 (1999); Smith v. Gehring, 64 Md. App. 359, 364, 496 A.2d 317 (1985). As the Maryland Court of Special Appeals has explained, "The critical factors are (1) who was the appropriate defendant, and (2) whether that party had timely notice of its intended status as defendant within the limitations period." Williams v. Hoffman, 139 Md. 339, 365, 776 A.2d 4 (2001); Nam, 127 Md. App. at 186; Gehring, 64 Md. App. at 365.

Here it is indisputable that the Amended Complaint added entirely new parties, Bergman & Beving AB and Luna AB, entities that are different companies from the originally-named and later-discarded Defendant, Hassleholms Mekanisk AB. The Amended Complaint did not merely correct a misnomer; it introduced new entities with completely different names, operating in different cities, and unrelated to the original Defendant. Indeed, the Plaintiff conceded in his papers to the Court that he believed (rightly or wrongly as events turned out) that he had sued Hassleholms Mekanisk AB in error. The Plaintiff had three full years to determine the defendant or defendants he

wanted to sue, and he failed to do so. It is also undisputable that Luna AB and Bergman & Beving AB had no prior knowledge of this incident until they received an e-mail from the Plaintiff's attorney in February 2004, more than four years after the accident. See, to that effect, the Affidavit of Mr. Carlsson (Exhibit 1) at paragraph 3 and the Affidavit of Mr. Engström (Exhibit 2) at paragraph 3. Because the newly-added Defendants were not put on timely notice, the Amended Complaint does not relate back under Maryland law. Nam, 127 Md. App. at 187 (No notice of process until nearly four and one-half years after incident precipitating the lawsuit).

The Maryland appellate courts have also explained that relation back is not available when the "correct" defendant party would be unfairly prejudiced. More specifically, the appellate cases demonstrate that the question of unfair prejudice turns on timely or untimely notice. For example, in Zappone v. Liberty Life Ins. Co., 349 Md. 45, 70-71, 706 A.2d 1060 (1998), where a corporation was substituted for its shareholder as plaintiff, the defendant had knowledge of the suit within the limitations period and was not unfairly prejudiced. In McSwain v. Tri-State Transportation, 301 Md. 363, 369-370, 483 A.2d 43 (1984), the correct defendant was aware that the suit was pending and in fact had received the suit papers before limitations had run; it had not suffered unfair prejudice upon amendment. In Smith v. Gehring, 64 Md. App. at 367, the appellate court affirmed an implicit finding by the trial court that the new defendant, the daughter of the originally-named guardian and next friend, had timely notice of her intended status as defendant. In Talbot v. Geggenheimer, 237 Md. 62, 63, 205 A.2d 285 (1964), an amendment filed after the lapse of three years limitations period did not relate back when

9

Mrs. Geggenheimer was obviously an entirely new party, who was not charged with liability on any theory in the first declaration. In light of these authorities, the Amended Complaint fails to relate back against the new Defendants, who knew nothing of the incident or the lawsuit.

Plaintiff cannot contend that his use of "John Doe" designations for unknown sellers, importers and distributors somehow preserves the original pleading indefinitely until new party defendants are added. Maryland does not recognize "John Doe" pleadings. Nam, 127 Md. App. at 185. The use of John Doe pleadings is subsumed within the larger topics of proper amendment of pleadings and the relation back doctrine. Id. at 185-186. The Amended Complaint here does not relate back under the common law of Maryland.

B.   *The Amended Complaint does not satisfy the requirements for relation back set forth in Rule 15(c)(3) and it is therefore barred by limitations.*

Amendment is futile when the statute of limitations has run, and the amendment would not relate back to the original pleading under Rule 15(c). Barnes v. Prince George's County, MD, 214 F.R.D. 379, 380 (D. Md. 2003). For a court to permit an amendment adding new parties after the lapse of limitations, all of the following requirements must be satisfied: the claim or defense asserted in the amended pleading must arise from the conduct, transaction, or occurrence advanced in the original pleading; the new party named in the amended pleading must have received timely and adequate notice so as not to be prejudiced in defending on the merits; and the new party timely

must have known or should have known that the action would have been brought against the named party but for the mistake concerning the identity of the new party. Rule 15(c)(3); 3 Moore's Federal Practice, section 15.19[3][a] (Matthew Bender 3d ed.); Philips v. United Fixtures Co., Inc., 168 F.R.D. 183, 186 (W.D. Va. 1996).

In the present case, the Amended Complaint fails to satisfy several of these requirements. First, Luna AB and Bergman & Beving AB did not receive notice of the underlying action until February of 2004, when they were first contacted by the Plaintiff's attorney by e-mail. Maryland's three year statute of limitations exists so that defendants are not subjected prejudicially to the task of defending stale suits. The primary consideration underlying statutes of limitation is one of fairness to defendants -- that they ought not to be called on to resist a claim when evidence has been lost, memories have faded, and witnesses have disappeared. Doughty v. Prettyman, 219 Md. 83, 92-93, 148 A.2d 438 (1959); Feldman v. Granger, 255 Md. 288, 297, 257 A.2d 421 (1969); Decker v. Fink, 47 Md. App. 202, 206, 422 A.2d 389 (1980). The unfair prejudice is more conspicuous when Defendants must first confront a suit that is already four years old; in that length of time, tangible evidence and witnesses essential to a defense are likely to have disappeared. Second, the newly-added Defendants, Luna AB and Bergman & Beving AB, had no prior knowledge of the accident and no prior reason to believe that they would be sued. Third, the newly-named Defendants remained entirely in the dark until long after the original date for service of the original Complaint. Typically, the deadline for notice of an original complaint is 120 days, consistent with the 120 day period provided by Rule 4(m) for service. See Johnson v. Goldstein, 850 F.

11

Supp. 327, 329 (E.D. Pa. 1994) (1991 Amended Rule 15(c) requires notice or awareness within prescribed 120-day period for service of process); Hill v. U.S. Postal Service, 961 F.2d 153, 155 (11th Cir. 1992) (relation back proper if notice received within 120 days of filing of original complaint); G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3rd 1498, 1502 (9th Cir. 1994) (new defendant must have received notice within 120 days after date of filing of complaint).  An amended complaint naming a new or changed party may relate back as long as the correct defendant has been served within the 120-day period and as long as the correct defendant, within the 120-day period, knew or should have known that, but for a mistake in identity, the suit would have been initiated against the new party.  3 Moore's Federal Practice at section 15.19[3][e] (explaining effect of 1991 amendment to rule to overturn the result in Schiavone v. Fortune, 477 U.S. 21, 29-32 (1986)).  One hundred twenty days after the filing of the original Complaint here was April 16, 2003.  The newly-added Defendants did not first learn of the suit until February 2004.

     One last authority deserves mention.  Rule 15(c) was amended in 1991 to avoid the result reached in Schiavone v. Fortune, 477 U.S. 21, 29-32 (1986), where an effort to amend the identification of the defendant in a libel action from "Fortune" to "Fortune also known as Time, Incorporated" failed.   The original complaint was filed May 9, 1983; Time, Incorporated, was served May 23; and the amended complaint adding Time, Incorporated to the identification of the defendant was filed July 18.  Id. at 22-23.    The dissent in Schiavone, which led to the 1991 rule change, offers insight into the rationale of the rule:  "The only question is whether Rule 15(c) should be construed to render

petitioners' complaints untimely even though they were filed within the statute of limitations and even though Time, Incorporated, clearly had adequate notice of the timely filed complaints." Schiavone, 477 U.S. at 34 (Stevens, et al. JJ., dissenting).  The dissent continued, "If an original complaint names Smith as the tort-feasor and the plaintiff does not decide to sue Jones until after the statute of limitations has run, there would be an obvious prejudice in allowing 'an amendment changing the party against whom the claim is asserted' unless had Jones had actual notice of the claim before the statute ran." Id. at 35-36.  The dissent later observed, "The principal purpose of Rule 15(c) is to enable a plaintiff to correct a pleading error after the statute of limitations has run if the correction will not prejudice his adversary in any way." Id. at 38 (emphasis added).

       The Schiavone dissenters thus emphasized that prejudice taints an amended action unless the newly-added defendant had notice of the original action.  In the dissenters' view, since Time, Inc., knew about the suit against Fortune magazine before the amended complaint was filed, there was no prejudice.  The present case, however, is not the Fortune-Time scenario; it is the Smith-Jones scenario.  The Plaintiff, acting at the last moment, sued Hassleholms Mekanisk AB.  Long after limitations had run, the Plaintiff amended to bring in new defendants unrelated to Hassleholms Mekanisk AB, i.e. Luna AB and Bergman & Beving AB, who had no notice of the original action before the Amended Complaint was filed.  Indeed, they had no notice of the action until months after the filing of the Amended Complaint.  The Amended Complaint does not relate back against them.

This Court has previously determined, moreover, that the Plaintiff cannot substitute the newly-added Defendants for the "John Doe" defendants listed in the original Complaint.  See Barnes v. Prince George's County, MD,  214 F.R.D. at 379.  There, this Court ruled that a lack of knowledge of the true identity of a party does not qualify as a "mistake" as contemplated in Rule 15(c)(3)(B).  Id. at 381.  This Court noted that Fourth Circuit jurisprudence on this subject is squarely in line with the majority.  Id.  In Western Contracting Corp. v. Bechtel Corp., 885 F. 2d 1198, 1201 (4th Cir. 1989), the appellate court adopted the rationale stated by the Seventh Circuit:

> Rule 15(c)[3] permits an amendment to relate back where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party." Wood v. Worachek, 618 F.2d 1225, 1230 (7th Cir. 1980) (citation omitted).

This Court in the Barnes decision also made a general observation that is apt in this case.  This Court said,

> [T]he decision of when to file a complaint and how much room to allow for error belongs to the Plaintiff.  Maryland's three-year statute of limitations, which the parties agree is applicable to this action, is fairly generous.  Plaintiff waited until the very end of that entire period before filing suit.  While there might be more force to the argument that the relation back rule is too stringent in situations where a shorter statute of limitations applies, Plaintiff in this case had ample time to…seek to learn the identities of the alleged violators.

Barnes, 214 F.R.D at 382.  That analysis is exactly on point.  The Plaintiff in this case was hurt on December 20, 1999.  Three years later he filed suit against Hassleholms Mekanisk AB, and a group of "John Doe" defendants.  Those three years provided Plaintiff ample opportunity to examine the machine, ask his employer where the machine

came from, and then to follow up with telephone calls, correspondence, or e-mails to Sweden, a modern, sophisticated country where English is widely spoken and where every corporation is listed in the official Swedish Company Registry.   See Feldman v. Granger, 255 Md. at 296-297(a rudimentary purpose of the statute of limitations is to afford protection to defendants against "stale claims" after a period of time which ought to be sufficient for a person of ordinary diligence to bring an action.)    Those three years provided Plaintiff ample opportunity to identify the defendants he wanted to sue.

**2.   The warranty claims are barred by limitations.**

Section 2-725 of Maryland's Uniform Commercial Code provides a four-year statute of limitations for breach of warranty claims.   See Lee v. Baxter Healthcare Corp., 721 F. Supp. 89, 96 (D. Md. 1989) aff'd, 898 F.2d 146 (4th Cir. 1990)(breach of warranty claim based on rupturing of breast implant ten years after the implant barred by the four-year limitations period of section 2-725).   Absent an express warranty extending explicitly to future performance, a breach of warranty occurs upon tender of delivery of the goods.   Section 2-725(2), Maryland Annotated Code, Commercial Law Article I (11975, 2002 Repl. Vol.)   Here the machine in question was sold in 1982 without any express warranty of performance extending to future years.   See the Affidavit of Mr. Carlsson (Exhibit 1) at paragraph 6.    The statutory period to bring an action for breach of warranty under Maryland law lapsed in 1986.[4]    The claims for breach of warranty

---

[4]   Section 32 of the Swedish Sale of Goods Act provides a maximum two-year statute of limitations to bring an action for breach of the implied warranty that attaches to the sale of goods.    To the extent that Swedish law may dictate the result here in regard to the 1982 sale of the machine from a Swedish seller to a Swedish buyer, limitations ran in 1984.

asserted in the original Complaint in 2002 and the Amended Complaint in 2003 are plainly barred.

For the reasons stated, the Motion to Dismiss should be granted.

Respectfully submitted,

_____/s/_____
Douglas W. Biser  #01212

_____/s/_____
Matthew P. Lalumia  #10863
Mudd, Harrison & Burch
105 W. Chesapeake Ave. #300
Towson, MD 21204
(410) 828-1335
(410) 828-1042 [fax]
Attorneys for Defendants

Certificate of Service

I HEREBY CERTIFY that on this 8th day of June, 2004, I served a copy of the foregoing, Defendants' Motion to Dismiss Amended Complaint with Memorandum of Points and Authorities and proposed Order, all of which was electronically filed in this case on June 8, 2004, by first class mail, postage prepaid, to John M. Kotzker, Esquire, 2724 West Atlantic Boulevard, Pompano Beach, Florida 33069, attorney for Plaintiff.

_____/s/_____
Douglas W. Biser  #01212

Exhibit 1

## AFFIDAVIT OF ULF CARLSSON

The undersigned, Ulf Carlsson, makes this Affidavit upon personal knowledge and says:

1.    I am over the age of eighteen (18) years and otherwise competent to testify.

2.    I am the Managing Director of Luna AB, a corporation, registration number 556640-4702, duly registered and authorized to conduct business under the laws of Sweden.

3.    On February 20, 2004, Luna AB received an e-mail message from attorney John M. Kotzker, Esquire, advising Luna AB that Aaron Locklear was injured in an industrial accident in Maryland that involved a machine allegedly manufactured by Luna AB. A copy of the Amended Complaint filed in the United States District Court for the District of Maryland in case number JFM-02-4087 was attached to the e-mail message. This was the first notice of the accident or the lawsuit received by Luna AB.

4.    The documents available to Luna AB indicate that MekanLuna AB manufactured machines in 1982 of the type and serial number series alleged in the Amended Complaint. MekanLuna AB no longer exists. Its assets were sold January 1, 1989, to Sommarvinden AB (Swedish corporate registration number 556337-6671) and its shares were sold to Engros AB Ferro (reg. no. 556060-7797). Upon information and belief, Sommarvinden AB took the new name Nossebro Mekaniska Verkstad AB. Upon information and belief, Engros AB Ferro subsequently was merged into O. Svengren & Co. AB (reg. no. 556052-7326).

5. The documents available to Luna AB indicate that the machine identified in the Amended Complaint likely was one of three sold in June 1982 to Hässleholms Mekaniska AB.

6. The documents available to Luna AB indicate that no express or explicit warranties of any kind attached to the sale of the machine, consistent with the customary business practice of MekanLuna AB in 1982.

I solemnly affirm under the penalties of perjury upon personal knowledge (except as to the averments specifically made upon information and belief in paragraph 4) that the contents of the foregoing Affidavit are true and correct.

Date: June 8, 2004  _____/s/_____
Ulf Carlsson
Managing Director, Luna AB
(signed copy of Affidavit maintained in office of defense counsel)

Exhibit 2

AFFIDAVIT OF ANDERS ENGSTRÖM

The undersigned, Anders Engström, makes this Affidavit upon personal knowledge and says:

1. I am over the age of eighteen (18) years and otherwise competent to testify.

2. I am a Management Member of Bergman & Beving AB, a corporation, registration number 556034-8590, duly registered and authorized to conduct business under the laws of Sweden.

3. On February 20, 2004, Bergman & Beving AB received an e-mail message from attorney John M. Kotzker, Esquire, advising Bergman & Beving AB that Aaron Locklear was injured in an industrial accident in Maryland that involved a machine allegedly manufactured by Luna AB. A copy of the Amended Complaint filed in the United States District Court for the District of Maryland in case number JFM-02-4087 was attached to the e-mail message. This was the first notice of the accident or the lawsuit received by Bergman & Beving AB.

I solemnly affirm under the penalties of perjury, upon personal knowledge that the contents of the foregoing Affidavit are true and correct.

Date:  June 7, 2004                    _____/s/_____
                                        Anders Engström
                                        Management Member
                                        Bergman & Beving AB
                                        (signed copy of Affidavit maintained in
                                        office of defense counsel)