IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AARON LOCKLEAR | * | |
|     Plaintiff | * | |
| v. | | Civil No. JFM-02-4087 |
| | * | |
| BERGMAN & BEVING AB, et al. | | |
| | * | |
|     Defendants | | |
| * * * | | |

## DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendants, Bergman & Beving AB and Luna AB, by undersigned counsel, move to dismiss the Amended Complaint on the ground that this Court lacks personal jurisdiction over these Defendants. Specifically, Bergman & Beving AB and Luna AB are Swedish corporate holding companies with no contacts with the forum state of Maryland. In support thereof, Defendants say as follows:

1.    The Amended Complaint alleges in this tort and breach of warranty action that the Plaintiff was injured in an industrial accident in the Maryland Plastics, Inc., factory in Aberdeen, Maryland, in December 1999.

2.    The Amended Complaint names Bergman & Beving AB and Luna AB, Swedish corporations, as Defendants.

3.    Bergman & Beving AB and Luna AB are Swedish holding companies that do not conduct any activities in Maryland. Nor do they exercise any material control

over the activities of their subsidiaries.   In short, they have no jurisdictional contacts with the state of Maryland.   The Court lacks personal jurisdiction over them.

4.   A Memorandum of points and authorities follows immediately below and is incorporated by reference.

5.   A proposed Order is attached.

WHEREFORE, Defendants Bergman & Beving AB and Luna AB respectfully request that the Amended Complaint be dismissed, and that the Court award such other and further relief as may be just and proper.

                                           _____/s/_____
                                           Douglas W. Biser  #01212

                                           _____/s/_____
                                           Matthew P. Lalumia  #10863
                                           Mudd, Harrison & Burch
                                           105 W. Chesapeake Ave. #300
                                           Towson, MD 21204
                                           (410) 828-1335
                                           (410) 828-1042 [fax]
                                           Attorneys for Defendants

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Introduction

Defendants, Bergman & Beving AB[1] and Luna AB, by undersigned counsel, respectfully submit this Memorandum in support of the pending Motion to Dismiss the Amended Complaint for lack of personal jurisdiction, pursuant to Rule 12(b)(2).

---

[1] The letters AB stand for "Aktiebolag," literally translated from the Swedish as a "sharecompany" or more accurately construed to mean a corporation.

2

The Plaintiff in this diversity case avers that he was injured in an industrial accident involving a metal-working machine. The Amended Complaint names Bergman & Beving AB and Luna AB, Swedish corporations, as Defendants. Both Bergman & Beving AB and Luna AB are Swedish holding companies having no connection with the forum state of Maryland. They have no presence in Maryland. They do not purposefully direct any business activity toward Maryland. They do not materially control the activities of Luna AB's wholly-owned subsidiary, Luna Verktyg & Maskin AB, a commercial company, that are relevant here. In short, there is no factual predicate or legal basis for subjecting Bergman & Beving AB or Luna AB to the jurisdiction of the United States District Court for the District of Maryland.

Statement of the Case

The Amended Complaint alleges that on or about December 20, 1999, the Plaintiff, Aaron Locklear, was injured while operating a metal rolling machine within the Maryland Plastics, Inc., plant in Aberdeen, Maryland. See Amended Complaint at paragraphs 3, 8. The Amended Complaint further alleges that the machine was designed and built by the Defendants, Luna AB and Bergman & Beving AB. Id. at ¶9. The Amended Complaint alleges that Luna AB is a wholly owned subsidiary of Bergman & Beving AB, which is located in Stockholm, Sweden. Id. at ¶ 2.

Counts I and II of the Amended Complaint allege negligent design and manufacture of the machine. Count III alleges strict product liability. Count IV alleges breach of warranty.

Defendants have now moved to dismiss.

Factual Statement

Bergman & Beving AB is a corporation, registration number 556034-8590, duly registered and authorized to conduct business under the laws of Sweden.  See Affidavit of Anders Engström, Management Member of Bergman & Beving AB, attached as Exhibit 1 at paragraph 2.  The company's principal place of business is Karlavägen 76, Stockholm S-100 55, Sweden.  Id. at ¶3.  Bergman & Beving AB does not directly or by an agent transact any business, work or service or pursue any business or commercial activity in the State of Maryland.  Id. at ¶4.  It is not a party, directly or by an agent, to any contract to supply goods, food, services, or products in Maryland.  Id.  It is not registered with the Secretary of State or with the State Department of Assessments and Taxation to do business in Maryland.  Id. at ¶5.  The company does not maintain an office in Maryland; nor does it own, use or possess any real property in the state either directly or by an agent.  Id. at ¶6.  It does not have any employees, agents, representatives or distributors in Maryland.  Id. at ¶7.  It does not have any customers in Maryland.  Id. at ¶8.  It does not receive, directly or by an agent, any revenue from goods, food, services, or manufactured products used or consumed in Maryland.  Id. at ¶9.  It does not advertise or otherwise market its business in Maryland.  Id. at ¶10.  It does not conduct any business of any kind as an insurer or surety.  Id. at ¶11.

Bergman & Beving AB is a corporation whose shares are publicly held and traded on the Stockholm Stock Exchange.  Id. at ¶12.  Bergman & Beving AB exists as a parent holding company that holds a number of wholly-owned subsidiaries; the subsidiary companies and their own respective subsidiaries are active in the fields of tools and

machinery (Luna AB), personal protection equipment (Skydda AB), fasteners (Essve AB), construction and industrial products (Grunda AB), ergometric workplace equipment for industry (Gigant AB), industrial components (Momentum IMS AB), laboratory instruments and diagnostic equipment (Bergman & Beving MediTech AB), and early-phase businesses or businesses outside the tools, industrial, or medical equipment areas (Bergman & Beving Development AB).  Id. at ¶13.  The principal markets of the subsidiary companies are Scandinavia and Europe.  Id. at ¶14.

Luna AB is a corporation, registration number 556640-4702, duly registered and authorized to conduct business under the laws of Sweden.  See Affidavit of Ulf Carlsson, Managing Director of Luna AB, attached as Exhibit 2 at paragraph 2.  The company's principal place of business is Alingsås, Sweden.  Id. at ¶3.  Luna AB does not directly or by an agent transact any business, work or service or pursue any business or commercial activity in the State of Maryland.  Id. at ¶4.  It is not a party, directly or by an agent, to any contract to supply goods, food, services, or products in Maryland.  Id.  It is not registered with the Secretary of State or with the State Department of Assessments and Taxation to do business in Maryland.  Id. at ¶5.  The company does not maintain an office in Maryland; nor does it own, use or possess any real property in the state either directly or by an agent.  Id. at ¶6.   It does not have any employees, agents, representatives or distributors in Maryland.  Id. at ¶7.  It does not have any customers in Maryland.  Id. at ¶8.  It does not receive, directly or by an agent, any revenue from goods, food, services, or manufactured products used or consumed in Maryland.  Id. at ¶9.  It does not advertise or otherwise market its business in Maryland.  Id. at ¶10.  It does not conduct any business of any kind as an insurer or surety.  Id. at ¶11.

Luna AB is a wholly-owned subsidiary of Bergman & Beving AB and serves as the intermediary holding company for the tools and machinery division of the Bergman & Beving AB group.  Id. at ¶12.   Among Luna AB's wholly-owned subsidiaries is Luna Verktyg & Maskin AB[2], a tool and machine trading company located in Alingsås, Sweden.  Id.  See also Affidavit of Mats Karlstedt, head of the machines division of Luna Verktyg & Maskin AB, attached as Exhibit 3 at paragraphs 2-3.  Luna Verktyg & Maskin AB is a separately registered and authorized Swedish corporation, registration number 556109-4821.  Id. at ¶ 3.  It was created in 1975.  Id.  It employs approximately 48 workers.  Id.  It can trace its roots back to 1917, when a predecessor tool and industrial machine company was founded by Carl Lindahl in Alingsås.  Id.  Luna Verktyg & Maskin AB's sole contact with Maryland is a distributorship arrangement with Comeq, Inc., of Aberdeen, Maryland.  Id. at ¶ 4.

Luna Verktyg & Maskin AB has its own board of directors and officers, independent of the directors and officers of Bergman & Beving AB or those of Luna AB.  Id. at ¶5.  There is no overlapping between the duties of the directors and officers of Bergman & Beving AB or Luna AB and the duties of the directors and officers of Luna Verktyg & Maskin AB.  Id.  The managing directors of the three companies are different individuals: Stefan Wigren at Bergman & Beving AB, Ulf Carlsson at Luna AB, and Stefan Lotzman at Luna Verktyg & Maskin AB.  Id.  The three companies hold separate directors' meetings.  Id.

The directors and officers of Bergman & Beving AB or Luna AB do not manage the business of Luna Verktyg & Maskin AB, the management of which is entrusted to Luna Verktyg & Maskin AB's own directors and officers.  Id. at ¶ 6.   Luna Verktyg &

---

[2]  I.e. the "Luna Tool & Machine Corporation."

6

Maskin AB's directors and officers meet regularly without intervention by Bergman & Beving AB or Luna AB.  Id.   The managers of Luna Verktyg & Maskin AB are not required to obtain the approval of Bergman & Beving's or Luna's directors or officers before taking important business decisions, such as purchasing goods and pricing goods for sale.  Id. at ¶7.   Luna Verktyg & Maskin AB makes its own contractual arrangements with suppliers, distributors, debtors and creditors.  Id.   Luna Verktyg & Maskin AB directs its own advertising and marketing programs.  Id.   Bergman & Beving AB or Luna AB does not pay the salaries or other compensation of Luna Verktyg & Maskin AB's directors, officers, and workers, who are compensated from the revenues of Luna Verktyg & Maskin AB.  Id. at ¶8.   Luna Verktyg & Maskin AB maintains separate books and records and employs separate accounting procedures from Bergman & Beving AB and Luna AB.  Id. at ¶9.

Argument

By any application or interpretation of jurisdictional law, Bergman & Beving AB and Luna AB cannot properly be sued in the United States District Court for the District of Maryland.  They are Swedish corporations that have no presence in Maryland, do not conduct business in Maryland directly or by an agent, and have not otherwise purposely availed themselves of the protections or privileges under Maryland law.

The Maryland long-arm statute reads in pertinent part:

> A court may exercise personal jurisdiction over a person, who directly or by an agent:
> (1)  Transacts any business or performs any character of work or service in the State;
> (2)  Contracts to supply goods, food, services, or manufactured products in the State;

      (3) Causes tortious injury in the State by an act or omission in the State;

      (4) Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State;

      (5) Has an interest in, uses, or possesses real property in the State; or

      (6) Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation, or agreement located, executed, or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.

Annotated Code of Maryland, Courts & Jud. Proc. Art., Section 6-103(1974, 2002 Repl. Vol.)  It is well settled that the long-arm statute expands jurisdiction to constitutional due process limits.  Geelhoed v. Jensen, 277 Md. 220, 224, 352 A.2d 818 (1976).[3] The purpose of the Maryland long-arm statute is to give the courts of the state personal jurisdiction over all out-of-state defendants who purposefully avail themselves of the privilege of conducting activities in Maryland, thus invoking the benefits and protections of Maryland law.  Mylan Laboratories, Inc. v. Azko, N.V., 2 F.3d 56, 61 (4th Cir. 1993). Accord Mohamed v. Michael, 279 Md. 653, 658, 370 A.2d 551 (1977)("It is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," quoting Hanson v. Denckla, 357 U. S. 235, 253 (1958)); Bahn v. Chicago Motor Club, 98 Md. App. 559, 572, 634 A.2d 63 (1993).  For a Court to assert personal jurisdiction under Maryland's long-arm statute, if a defendant is not present within the territory of the forum, it must have certain minimum contacts such that maintenance of the suit does not offend traditional notions of fair play and substantial

---

[3]  The interpretations of the long-arm statute by Maryland's Court of Appeals are authoritative in accordance with Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938).

justice. Mohamed v. Michael, 279 Md. at 657-658, quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The burden of proving jurisdictional facts is on the Plaintiff. Translation Systems v. Applied Technology Ventures, 559 F. Supp. 566, 567 (D.Md. 1983).

Applying these familiar criteria here, it is clear beyond dispute that Bergman & Beving AB and Luna AB have no direct jurisdictional contacts with Maryland. The Swedish holding companies have no presence in or interaction of any kind with this state. They receive no revenues from Maryland. They do nothing here. None of the potential contacts described in the long-arm statute applies to Bergman & Beving AB or to Luna AB. See the Affidavits of Mr. Engström (Exhibit 1) and Mr. Carlsson (Exhibit 2) to that effect. The jurisdictional picture of Bergman & Beving AB and Luna AB in Maryland is a blank white sheet of paper.

All that remains in the jurisdictional analysis is to dispel the Plaintiff's inevitable argument that Luna AB's wholly-owned subsidiary, Luna Verktyg & Maskin AB, is the agent of its parent holding company, Luna AB (or more remotely is the agent of its parent holding company's own parent holding company, Bergman & Beving AB). The Court of Appeals of Maryland has adopted the "agency" test in deciding whether to pierce the veil separating parent corporations from their subsidiaries for jurisdictional purposes. Mylan Laboratories, 2 F.3d at 61, citing Vitro Electronics v. Milgray, 255 Md. 498, 501-503, 258 A.2d 749 (1969). This test authorizes the court to attribute the actions of a subsidiary corporation to the foreign parent corporation only if the parent exerts considerable control over the activities of the subsidiary. Mylan Laboratories, 2 F.3d at 61. Accord, Translation Systems v. Applied Technology Ventures, 559 F. Supp. at

9

567(to be subject to personal jurisdiction, parent must largely control the activities of the subsidiary). Relevant factors include: whether the parent must approve significant decisions of the subsidiary, Mylan, 2 F.3d at 61, citing Finance Co. of America v. BankAmerica Corp., 493 F. Supp. 895, 903-908 (D.Md. 1980); whether the parent and the subsidiary maintain separate books and records, maintain separate accounting procedures, and hold separate directors' meetings, Mylan, 2 F.3d at 61, citing Vitro Electronics, 255 Md. at 506; and the level of interdependence between parent and subsidiary, Mylan, 2 F.3d at 61. This last factor was explained by the Maryland Court of Appeals in Harris v. Arlen Properties, 256 Md. 185, 199-200, 260 A.2d 22 (1969):

> In order to hold the corporate veil inviolate, at least as far as jurisdiction is concerned, it is necessary as a factual matter that a corporation have some independent reason for its existence, other than being under the complete domination and control of another legal entity simply for the purpose of doing its act and bidding.

Ownership of all of a subsidiary's stock does not create an agency relationship; "a foreign corporation is not construed as doing business within a state merely because of its ownership of all of the shares of stock of another corporation doing business in the state." Mylan Laboratories, 2 F.3d at 63, quoting Vitro Electronics v. Milgray, 255 Md. at 502.

In light of these authorities, Luna Verktyg & Maskin AB is not Bergman & Beving AB's or Luna AB's agent for jurisdictional purposes. The three companies are separate entities that take separate economic paths. Bergman & Beving AB is a publicly-traded stock holding company, owning a group of subsidiaries, that seeks to increase the value of its shareholders' investment in the parent corporation. Luna AB is an intermediary stock holding company of the entities within the tool and machine group. Luna Verktyg & Maskin AB is a tool and machine trading company, as it has been since

1975, carrying on a tradition that began in 1917; it competes principally in the Scandinavian and European markets, with a work force of approximately fifty employees.  That is the "independent reason for its existence" demonstrating that it is not a jurisdictional agent of its parents, the Defendants here.  See Harris v. Arlen Properties, 256 Md. at 200.

Bergman & Beving AB and Luna AB do not control or manage Luna Verktyg & Maskin AB, which has its own management team of directors and officers.  See the Affidavit of Mr. Karlstedt (Exhibit 3) describing this and the other hallmarks of independent operation discussed here.  Without intervention from the parent holding companies, Luna Verktyg & Maskin AB's directors and officers make their own business decisions. They determine, for example, how much to pay for the goods Luna Verktyg & Maskin buys and how much to charge for the goods Luna Verktyg & Maskin sells; surely there is no clearer evidence of autonomous operation in the business world than that.  Different people serve as the managing directors of the holding parents and subsidiary company, respectively.  The respective companies' directors and officers meet regularly on their own.  Neither Bergman & Beving AB nor Luna AB controls the subsidiary's own financial arrangements with creditors and debtors.  The subsidiary is responsible for its own advertising and marketing programs.  The three companies -- parent, intermediary, and subsidiary-- hold separate board of directors' meetings.  They keep separate books and records.  Each company employs its own accounting protocols.  Luna Verktyg & Maskin AB pays its managers and workers from its own revenues.

These facts speak for themselves.  The Defendant holding companies are entirely detached from Maryland.  Luna Verktyg & Maskin AB, albeit a wholly-owned

11

subsidiary of Luna AB, is an independent corporation that does not remotely operate "under the complete domination and control of [Bergman & Beving AB or Luna AB] simply for the purpose of doing its act and bidding." See Harris v. Arlen Properties, 256 Md. at 200.   For jurisdictional purposes, the functionally-independent subsidiary's activity in Maryland may not, as a matter of law, be imputed to its parent, Luna AB, or to the overall parent of the group, Bergman & Beving AB.

For the reasons stated, the Motion to Dismiss should be granted.

Respectfully submitted,

_____/s/_____
Douglas W. Biser  #01212

_____/s/_____
Matthew P. Lalumia  #10863
Mudd, Harrison & Burch
105 W. Chesapeake Ave. #300
Towson, MD 21204
(410) 828-1335
(410) 828-1042 [fax]
Attorneys for Defendants

Certificate of Service

I HEREBY CERTIFY that on this 8th day of June, 2004, I served a copy of the foregoing, Defendants's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction with Memorandum of Law and proposed Order, all of which was electronically filed in this case on June 8, 2004, by first class mail, postage prepaid, to John M. Kotzker, Esquire, 2724 West Atlantic Boulevard, Pompano Beach, Florida 33069, attorney for Plaintiff.

_____/s/_____
Douglas W. Biser  #01212

Exhibit 1

### AFFIDAVIT OF ANDERS ENGSTRÖM

The undersigned, Anders Engström, makes this Affidavit upon personal knowledge and says:

1. I am over the age of eighteen (18) years and otherwise competent to testify.

2. I am a Management Member of Bergman & Beving AB (or "the company"), which is a corporation, registration number 556034-8590, duly registered and authorized to conduct business under the laws of Sweden.

3. The company's principal place of business is Karlavägen 76, Stockholm S-100 55, Sweden.

4. Bergman & Beving AB does not directly or by an agent transact any business or work or service or pursue any business or commercial activity in the State of Maryland. It is not a party, directly or by an agent, to any contract to supply goods, food, services, or products in Maryland.

5. Bergman & Beving AB is not registered with the Secretary of State or with the State Department of Assessments and Taxation to do business in Maryland.

6. The company does not maintain an office in Maryland; nor does it own, use or possess any real property in the state either directly or by an agent.

7. Bergman & Beving AB does not have any employees, agents, representatives or distributors in Maryland.

8. The company does not have any customers in Maryland.

9. The company does not receive, directly or by an agent, any revenue from goods, food, services, or manufactured products used or consumed in Maryland.

10. Bergman & Beving AB does not advertise or otherwise market its business in Maryland.

11. The company does not conduct any business of any kind as an insurer or surety.

12. Bergman & Beving AB is a Swedish aktiebolag or corporation whose shares are publicly held and publicly traded on the Stockholm Stock Exchange.

13. Bergman & Beving AB exists as a parent holding company that holds a number of wholly-owned subsidiaries; the subsidiary companies and their own subsidiaries are active in the fields of tools and machinery (Luna AB), personal protection equipment (Skydda AB), fasteners (Essve AB), construction and industrial products (Grunda AB), ergometric workplace equipment for industry (Gigant AB), industrial components (Momentum IMS AB), laboratory instruments and diagnostic equipment (Bergman & Beving MediTech AB), and early-phase businesses or businesses outside the tools, industrial, or medical equipment areas (Bergman & Beving Development AB).

14. The principal markets of the subsidiary companies are Scandinavia and Europe.

I solemnly affirm under the penalties of perjury, upon personal knowledge, that the contents of the foregoing Affidavit are true and correct.

Date: June 7, 2004                               _____/s/_____
                                                 Anders Engström
                                                 Management Member
                                                 Bergman & Beving AB
                                                 (signed Affidavit maintained in
                                                  office of defense counsel)

Exhibit 2

## AFFIDAVIT OF ULF CARLSSON

The undersigned, Ulf Carlsson, makes this Affidavit upon personal knowledge and says:

1. I am over the age of eighteen (18) years and otherwise competent to testify.

2. I am the Managing Director of Luna AB (or "the company"), which is a corporation, registration number 556640-4702, duly registered and authorized to conduct business under the laws of Sweden.

3. The company's principal place of business is in Alingsås, Sweden.

4. Luna AB does not directly or by an agent transact any business or work or service or pursue any business or commercial activity in the State of Maryland. It is not a party, directly or by an agent, to any contract to supply goods, food, services, or products in Maryland.

5. Luna AB is not registered with the Secretary of State or with the State Department of Assessments and Taxation to do business in Maryland.

6. The company does not maintain an office in Maryland; nor does it own, use or possess any real property in the state either directly or by an agent.

7. Luna AB does not have any employees, agents, representatives or distributors in Maryland.

8. The company does not have any customers in Maryland.

9. The company does not receive, directly or by an agent, any revenue from goods, food, services, or manufactured products used or consumed in Maryland.

10. Luna AB does not advertise or otherwise market its business in Maryland.

11. The company does not conduct any business of any kind as an insurer or surety.

12. Luna AB is a wholly-owned subsidiary of Bergman & Beving AB and serves as the intermediary holding company for the tools and machinery division of the Bergman & Beving AB group.  One of Luna AB's wholly-owned subsidiaries is Luna Verktyg & Maskin AB, a tool and machine trading company.

I solemnly affirm under the penalties of perjury, upon personal knowledge, that the contents of the foregoing Affidavit are true and correct.


Date:   June 8, 2004                                      _____/s/_____
                                                          Ulf Carlsson
                                                          Managing Director
                                                          Luna AB
                                                          (signed Affidavit maintained in
                                                           office of defense counsel)

Exhibit 3

AFFIDAVIT OF MATS KARLSTEDT

The undersigned, Mats Karlstedt, makes this Affidavit upon personal knowledge and says:

1.      I am over the age of eighteen (18) years and otherwise competent to testify.

2.      I am the Head of the Machines Division of Luna Verktyg & Maskin AB (or "the company"), which has its principal place of business in Alingsås, Sweden. The company is a wholly-owned subsidiary of Luna AB, its parent holding company.

3.      Luna Verktyg & Maskin AB a separately registered corporation, registration number 556109-4821, duly registered and authorized to conduct business under the laws of Sweden, that buys and sells tools and industrial machines. The company was created in 1975. It employs approximately 48 workers. The company descends from the tool and industrial machine company founded in 1917 by Carl Lindahl in Alingsås, Sweden.

4.      Luna Verktyg & Maskin AB's sole contact with the State of Maryland is its distributorship contract with Comeq, Inc., of Aberdeen, Maryland. It has no other presence and it conducts no other commercial or business activity in Maryland.

5.      Luna Verktyg & Maskin AB has its own board of directors and officers, independent of the directors and officers of Bergman & Beving AB or of Luna AB. There is no overlapping between the duties of the directors and officers of Bergman & Beving AB or Luna AB and the duties of the directors and officers of Luna Verktyg & Maskin AB. The managing directors of the three companies are different individuals: Stefan Wigren at Bergman & Beving AB, Ulf Carlsson at Luna AB, and Stefan Lotzman at Luna Verktyg & Maskin AB. The three companies hold separate directors' meetings.

6.      The directors and officers of Bergman & Beving AB or Luna AB do not manage the business of Luna Verktyg & Maskin AB, the management of which is entrusted to Luna Vertyg & Maskin AB's own directors and officers. The directors and managers of Luna Verktyg & Maskin AB meet regularly without intervention by Bergman & Beving AB or Luna AB.

7.      The managers of Luna Verktyg & Maskin AB are not required to obtain the approval of Bergman & Beving AB or of Luna AB before taking important business decisions, such as purchasing goods and pricing goods for sale. Luna Verktyg & Maskin

AB makes its own contractual arrangements with suppliers, distributors, debtors and creditors. Luna Verktyg & Maskin AB directs its own advertising and marketing programs.

8. Neither Bergman & Beving AB nor Luna AB pays the salaries or other compensation of Luna Verktyg & Maskin AB's directors, officers, and workers, who are compensated from the revenues of Luna Verktyg & Maskin AB.

9. Luna Verktyg & Maskin AB, Luna AB and Bergman & Beving AB maintain separate books and records and employ separate accounting procedures.

I solemnly affirm under the penalties of perjury, upon personal knowledge, that the contents of the foregoing Affidavit are true and correct.


Date:   June 8, 2004                          _____/s/_____
                                              Mats Karlstedt
                                              Head of the Machines Division
                                              Luna Verktyg & Maskin AB
                                              (signed Affidavit maintained in
                                               office of defense counsel)