IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

AARON LOCKLEAR

    Plaintiff

v.

BERGMAN & BEVING AB

and

LUNA AB                               CVIL ACTION No.#: JFM-02-4087

and

UNKNOWN SELLER of the
LUNA machine Type IP110/5
SERIAL #: 954
LOCATED AT MARYLAND
PLASTICS, INC.

and

UNKNOWN DISTRIBUTOR of
The LUNA machine Type IP110/5
SERIAL # 954
LOCATED AT MARYLAND
PLASTICS, INC.

and

UNKNOWN IMPORTER of the
LUNA machine Type IP110/5
SERIAL #: 954
LOCATED AT MARYLAND
PLASTICS, INC.

MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Introduction

This memorandum is in opposition to the Defendant Memorandum of Law in support of Defendant's Motion to Dismiss. The Defendant in its memo argues that the

tort claims are barred by the statute of limitations under principals of negligence and warranty law because the amended complaint fails to satisfy the conditions under Fed R. Civ. Pro 15(c), and the Doctrine of Relation Back.

The applicable Maryland general statute of limitations is three years governing tort claims as set forth in the Annotated Code of Maryland, Courts & Jud. Proc. Art., §5-101 (1974, 2002 Repl. Vol.). Furthermore, the authoritative decision in federal court dictates that in a case with diversity of jurisdiction, the governing statute of limitations in the forum state will be the choice of law at the applicable federal venue.

Chronologically, and as stated in the memorandum in support of the Defendants' Motion to dismiss, the date of injury occurred December 20, 1999. The original complaint was filed December 16, 2002, and the amended complaint was filed October 9, 2003, naming the Defendants hereto.

Rule 15(c) of the Fed. R. Civ. Pro states in pertinent part, as extracted verbatim from the Defendant's memorandum in support of its Motion to Dismiss:

> 15(c) Relation Back of Amendments: An amendment of a pleading relates back to the date of the original pleading when:
> (1) relation is permitted by the law that provides the statute of limitations applicable to the action, **or** [emphasis added]
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, **or** [emphasis added]
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment:
> (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against the party.

This memorandum intends to show that at least one section, as required by the statute, of Rule 15(c) is satisfied and thereby supporting sufficient findings that the amended complaint filed on October 9, 2003 relates back, as a matter of law, to the original complaint filed December 16, 2002.

I. Rule 15(c)(1) The Original Complaint Included Identifiable Language in the Style showing that the amended parties were named in the original complaint.

Defendants rely on <u>Nam v. Montgomery County</u>, 127 Md. App. 172, 186, 732 A.2d 356 (1999), which states where an amendment corrects the name of the original party then the doctrine of relation back applies; however, where there is a new defendant added to the amended complaint, the doctrine does not apply. Defendants argue that the Plaintiff had replaced the original named Defendants with completely new Defendants that had no relation to the named Defendants in the initial complaint.

In the original complaint, Plaintiff included the only identifying names it had with his limited knowledge of the identity of the Defendant through names on the labeling on the machine as well as a serial number and "Type" designation for the machine. The serial number, #954, and product number, Type IP110/5, are exclusive denominations of a subsidiary of the currently newly named Defendants incorporated into the Amended Complaint. These aforementioned numbers designate an unmistakable link between the original complaint and the amended complaint because they are the markings and directly linked the Defendants, Luna AB and Bergman & Beving AB. This history of this machine and its direct link to the manufacturing subsidiary of the Defendants has been further elaborated and described on page 6 of the Defendants' memorandum in support of

their motion to dismiss. Defendant describes the machine as manufactured and sold by a former subsidiary, MekanLuna, AB[1].

The named Defendant in the original pleading was determined pursuant to attached labels on the machine which read "Hassleholms". However, after exhaustive investigation, Plaintiff discovered that the corresponding serial number and machine type number included on the machine were not that of Hassleholms, but a subsidiary of the Defendants named in the amended complaint. Using the same precedent the Defendants rely on, <u>Nam</u>, the Plaintiff merely changed the name of the original parties to the proper names correlating to the already included serial and part numbers of the machine. The Plaintiff did not amend the complaint adding unrelated Defendant parties.

But for the labeling on the machine providing the incorrect name of the manufacturer as Hassleholms, the named Defendants on the amended complaint would have been included in the original complaint along with the already incorporated corresponding serial number and machine ID identifying the manufacturer as a subsidiary of the Defendants in the amended complaint.

II.     Rule 15(c)(2) Claim in Amended Complaint Arose out of the conduct, transaction, occurrence set forth in the Original Pleading.

The operative facts and causes of action included in the original complaint dated December 16, 2002 have not been changed. The language in the original complaint is practically verbatim to language in the amended complaint filed on October 9, 2003. Both pleadings maintain the same counts that rely on the same operative facts disclosed in the factual allegations in the complaints. The only change has been made to the parties

---

[1] Page 6, Defendant's Memorandum in Support of Motion to Dismiss specifically names dissolved corporation, MekanLuna AB; further stating that the company is no longer in business, however, the Defendants hereto maintain the records of the corporation and were able to identify the machine as their own by and through the serial and part number set forth in the original complaint.

as a result of partial improper labeling of the equipment that injured the Plaintiff, as already described and argued above.

Accordingly, the allegations surrounding the conduct, transaction, and occurrence set forth in the amended complaint relate back to the factual allegations included in the original complaint. No new or additional claims were incorporated into the amended complaint, relying on operative facts distinctive from the facts set forth in the original and carried over to the amended complaint.

In Priddy v. Jones, 81 Md. App. 164, 567 A.2d 154 (Md.Sp.App. 1989), the Plaintiff had filed an amended complaint after the expiration of the statute of limitations adding completely new theories of relief and operative facts supporting the corresponding causes of action under those new theories; and, the Defendant had filed a Motion to Dismiss because the amended complaint failed to relate back to the original complaint. The Court determined that "changing the legal theory does not constitute a new and different cause of action for purposes of the statute of limitations" and would then relate back to the original complaint; however, changing to legal theories that rely on operative facts distinctive of those set forth in the original complaint would not relate back to the original complaint. Id. at 170-171.

The immediate case is well within these parameters, because Plaintiff had not changed any causes of actions between the original and amended complaint, and all claims and causes of actions in the amended complaint rely on the operative facts set forth in the original complaint. Therefore, the amended complaint relates back to the original complaint and satisfies Rule 15(c)(2).

Similarly, in Stein v. Smith, 358 Md. 670, 751 A.2d 504 (2000), the Plaintiff Corporation filed an action against the Defendant several days prior to the expiration of the statute of limitations later amending the complaint to remove the Plaintiff corporation to its owner individually. The Defendant filed a Motion to Dismiss because the Plaintiff Corporation was inactive, and therefore the Plaintiff as an individual filed for the first time after the statute of limitations. Id. at 670, 672.

The Court determined that the amended complaint would relate back to the original because it had maintained the same causes of action that relied on the same operative facts; however, the Plaintiff lacked standing in the original complaint to file suit as an inactive corporation, and therefore the amended complaint was considered the first filing of the Plaintiff as an individual. Id.

The causes of action and operative facts for which the claim relied on were not changed in the Stein case, similarly in the immediate case. Further showing that where the causes of action and those factual allegations setting forth the operative facts of which the claims relies on are unchanged, the conduct, transaction, and occurrence remains the same and the amended complaint relates back to the original complaint.

It is clear that the operative facts and the causes of action in the amended complaint reflect the conduct, transaction, and occurrence of the claim set forth in the original complaint. Therefore, pursuant to Rule 15(c)(2), the amended complaint does "relate back" to the original complaint.

III.   Rule 15(c)(3) Requirement to Notice Defendants within time prescribed under Rule 4(m).

Defendants contend that Plaintiff fails to satisfy the notice requirements as set forth under Rule 15(c) because Plaintiff failed to serve the Defendant within the 120

period prescribed by Rule 4(m). However, the period of service under Rule 4(m) had been extended by this Court through Court Order in order to facilitate proper identification and location of the Defendants along with any potential subsidiaries, affiliates, and or parent companies that may have participated or been related to the placement of the machine, identified in the original and amended complaint, in the chain of commerce.

The Court acted *sua sponte* Ordering service of process to be effectuated on or before September 17, 2003. On September 4, 2003, Plaintiff filed a motion updating his progress, and requesting this Court to extend the original September deadline to June 17, 2003, which was granted on September 8, 2003. On October 9, 2003, Plaintiff filed an amended complaint after determining the label on the machinery was incorrect, and discovering the correct name of the Defendant parties. In February of 2003, upon determining the location of the Defendants, Plaintiff had contracted an agent licensed to serve process under the Hague Convention on Foreign Corporations. On March 26, 2004, a Summons was issued by this Court on Defendants. Plaintiff filed a motion for extension of service of process on May 4, 2004, indicating to this Court that process was currently being effectuated by the service agent however may take more time than required period to serve the Defendant. Accordingly, this Court issued an Order extending the period of service of process until November 17, 2004.

Plaintiff served the named Defendants on the Amended Complaint on April 28, 2004. Defendants contend that Plaintiff had failed to serve the Defendant within the period prescribed under Rule 4(m). However, the Plaintiff had perfected service within the designated time prescribed by Court Order, superseding Rule 4(m).

*Kotzker/Shamy, P.L.*
*2724 West Atlantic Boulevard · Pompano Beach · Florida · 33069 · (954) 956-7676*

Defendant contends that the Plaintiff had substituted the newly added Defendants for the "John Doe" Defendants listed in the original complaint. However, this statement is inaccurate, because as shown on the Amended Complaint, the named Defendants were replaced by the newly named Defendants properly and in consistency with Rule 15(c) as set forth above and herein.

IV.     Rule 15(c)(3)(A), (B) The Rights of the Defendants Named in the Amended Complaint have not been prejudiced, Defendant had sufficient notice and knowledge that this action would be brought against them.

   A.     Defendants have not been prejudiced.

Defendants argue that correcting the named Defendants of the Original Complaint by placing in the newly added Defendants in the Amended Complaint is prejudicial to the Defendant. Defendant relies on the holding under <u>Zappone v. Liberty Life Ins. Co.</u>, 349 Md. 45, 70-71, 706 A.2d, where the Defendant was an individual replaced by a corporate entity in an amended complaint and the newly named defendant corporation had knowledge of the pending suit prior to the expiration of the statute of limitations. In <u>Stein</u>, the Court relied on the facts and findings of <u>Zappone</u> in determining whether or not the Defendant would be prejudiced. <u>Stein v. Smith</u>, 358 Md. 670, 751 A.2d 504 (2000) at 671. The Court reasoned that there was no prejudice to the Defendant where the facts and theories of liability were unchanged from the original complaint to the amended complaint. <u>Id</u>. at 671.

The same facts apply in the immediate case. Defendants assert prejudice solely because the amendment including the named Defendants had occurred after the statute of limitations. However, procedurally, the case is not at issue, no other party has been noticed or served, there is no pending discovery and no trial date has been set.

Substantively, the Defendant maintains sole control over the facts of design, manufacturing, and distribution of the machine. The Plaintiff has no correlating information. Additionally, both named Defendants maintain ample and sufficient policy coverage for the nature of this claim by and through Zurich Insurance, which had filed a Disclosure of Affiliations and Financial Interests with this Court on June 4, 2004.

In <u>Derienzo v. Harvard Industries, et al</u>, 357 F.3d 348, the Plaintiff was injured by a malfunctioning rocket launcher when his helicopter crashed in a routine flight drill, of which the Plaintiff only identifiable information of the Defendant were on labels and identification numbers on the product. Plaintiff made several attempts to locate and determine the correct manufacturer of the rocket launcher, however was unable to discover the correct identity of the Defendant until expert testimony during deposition. <u>Id</u> at 348, 352. Plaintiff filed an amended complaint adding the correct manufacturing corporation, and the newly named Defendant filed a Motion for Summary Judgment claiming that adding them was "severely prejudicial" because they were not added until fourteen months after the statute of limitations expired. <u>Id</u>. at 348, 357. The Court found that although there has been a delay in this case no discovery other than to determine the true identity of the Defendant had been performed, information regarding the equipment was still available and therefore, and the Plaintiff's right to his day in Court supersedes any claimed prejudice of the Defendant based on time. <u>Id</u>.

Similar issues and facts surround the immediate case. The product was manufactured in approximately 1982, information on the product is known and available only to the Defendants, and the Plaintiff made every attempt to locate the correct Defendants and immediately incorporate, notice and serve them thereafter. The only

prejudicial element that the Defendants offer is time, arguing that the statute of limitations had tolled in December of 2002, and they were not served until April of 2004. However, this argument is without merit considering product was manufactured in 1982 and Defendants still maintain intimate information regarding the manufacturing and sale of this product and the product is available for analysis. Therefore, similar to the facts and findings of the <u>Derienzo</u> case, the alleged prejudice of timeliness does not outweigh the Plaintiff's right to Court.

Defendants maintain intimate, yet discoverable, information that would educate the Plaintiff about the machine and its placement into commerce that had ultimately brought about the life-altering injury to the Plaintiff. Additionally, Defendants maintain and have intimate knowledge of information exposing the confusing, layered corporate structure under Bergman & Beving, AB and its subsidiaries. To dismiss this case would be highly prejudicial to the Plaintiff.

In <u>Farrell v. Votator Division of Chemetron Corp</u>, 299 A.2d 394, 357 F.2d at 356, the Court found that the substitution of a newly named Defendant upon discovery ten months after the statute of limitations had expired was not prejudicial to the Defendant, because even though the statute of limitations expired, the Defendant was noticed and served diligently upon discovery and the only issue of prejudice was time delay. The catalyst for the delay in the immediate case is the improper labeling of the machine and the history of the multiple corporations of Defendants that have shuffled, shelled, and sold over the course of 20 years since the manufacturing and sale of the machine by the Defendants. The alleged prejudice to the Defendants is not nearly as severe as the prejudice that would come with a dismissal of this action and deprivation of the

Plaintiff's day in Court. "The interests of justice favor the Plaintiff receiving his day in Court." Id. at 400.

B.  Defendant received sufficient notice, and should have known they would be the named party in the action.

During the Court Ordered extension for service of process on the Defendants and upon discovery of the correct name of the Defendants, counsel for the Plaintiff had forwarded a timely email, which was received by the named Defendants identifying them and noticing them of the injury and the machine. At which time, attorney for Plaintiff was contacted by the insurer of the Defendants and the serial number and identification number of that machine was quickly ascertained by the company as a product of the now defunct subsidiary of the Defendants as earlier predicated.

The Defendants were placed on notice by the filing of the complaint through the identifiable and exclusive serial and product identification number, during the Court Ordered extension of service of process through the email forwarded by the Plaintiff, and by service of process; and, they have been the only Defendants served and noticed in this action; and everything has been done expeditiously by the Plaintiff. Recalling the Farrell case where the Plaintiff had noticed the Defendant upon discovery of the Defendant was upheld even though the statute had expired. Id. at 400.

Defendants should have known that had not the incorrect labeling on their product, they would have been the named parties. As earlier argued, Plaintiff retained no information about the identity of the manufacturer of the machine other than the labeling on the machine. Plaintiff incorporated the serial and product number along with the listed name, "Hassleholms", on the complaint. Plaintiff during the course of attempting process learned of the correct name of the Defendants, and had amended the complaint to

reflect the correct names.  As soon as the Plaintiff had discovered how to contact the Defendants, they noticed the Defendants and served process soonafter.

In <u>Anderson v. Deere & Co., et al</u>, 852 F.2d 1244, 1249, Plaintiff was injured by a malfunctioning piece of equipment manufactured by John Deere later learning the correct name of the manufacturing company after the statute of limitations had expired during the course of discovery through interrogatories.  The Court further noted that Deere would have known that they would be brought into this action because their company manufactured the product.  <u>Id</u>. at 1247.  Notwithstanding the discovery of the identity of the Defendant through the answers to interrogatories, Plaintiff did not amend the complaint to add the proper Defendant until nine months after receiving the information.  <u>Id</u>. at 1249.  As a result of this lapse of time, the Court found that although Deere & Co. had knowledge that they should have been the correct party, the Plaintiff waited too long to amend the complaint after it learned of the correct identity, and therefore, the Plaintiff was no longer mistaken about the true identity of the party.  <u>Id</u>.

In the immediate case, as soon as the Plaintiff discovered the true name of the parties and a method of contact, the parties were noticed of the impending action.  Furthermore, the distinction here is that there is no issue of prejudice because the impending action is not at issue, as opposed to the <u>Anderson</u> case which was in the middle of discovery.  In the immediate case, there was a mistake in identity of the Defendants, and upon discovery of the mistake, Plaintiff immediately rectified it.

V.   Labor & Employment Act §9-902: Plaintiff Lacked Right of Action against tort feasor up and until the filing of the Complaint, December, 2002.

The Labor & Employment Act under Maryland Statutes, LE §9-902, states that the right to bring action against a third party tort feasor is the exclusive right of the

employer or insurer.  LE §9-902, Brocker Mfg. & Supply Co. v. Mashburn, 17 Md. App. 327.  The exclusive right of the employer and or insurer to bring the suit against the tort feasor extends two months post any award or compensation of benefits unless authorization to bring suit by a third party is granted by the insurer or employer.  Id.

In this case, Plaintiff Locklear filed a Worker's Compensation claim against his employer.  The worker's compensation claim was settled in January of 2003, chronologically after the expiration of the statute of limitations on the tort case.  However, the insurer had authorized the Plaintiff, and Plaintiff had retained counsel of record in this case, to file a lawsuit against the tort feasor several weeks prior to the date the Complaint was filed, which was December 16, 2002.

Defendant relies heavily on Barnes v. Prince George's County, MD, 214 F.R.D. 379 (D. Md. 2003), arguing that the Plaintiff in this case had three years to locate the Defendant.  *It is prejudicial and inequitable to place this burden on the Plaintiff, whom did not have "own the rights to his own third-party action" until the last couple weeks before expiration of the statute of limitations to take action against the third party tort feasor*.  Under LE §9-902 of the Maryland Worker's Compensation law, the insurer maintained exclusive right to investigate, question and initiate a claim against the Defendants hereto.  Therefore, the Plaintiff did not have ample time to bring this action, and did not effectively "wait until the last minute" to file this action.

VI.    Warranty Claim is not barred by Statute of Limitations.

Defendants argue that the statute of limitations has expired as to the express warranty of performance for the machine, relying on Section 2-275 of Maryland U.C.C.  However, it is clearly pleaded in the Plaintiff's complaint that the basis for this action is a

breach of express and or implied warranties under Section 2-314 of Maryland U.C.C. Warranty of Merchantability and Section 2-315 of Maryland U.C.C. Warranty for Fitness for a Particular Use.

The cause of action set forth by the Plaintiff makes no demand for relief under Section 2-275 of Maryland U.C.C. Warranty of Performance, which would be applicable to the future performance of the machine and repair/replacement thereof. In <u>Joswick et ux v. Chesapeake Mobile Homes, Inc. et al.</u>, 362 Md. 261, 765 A.2d 90, 2001, Plaintiff filed an action for breach of warranty of performance under 2-275 of Maryland U.C.C., of which the Defendant filed a motion to dismiss stating that the claim was made after the statute of limitations. The Plaintiff demanded relief for the failure of the product to perform, arguing that the Defendant was liable for the replacement and or repair of the product sold to the Plaintiff. <u>Id</u>. The immediate action makes a claim under different theories of warranty, reflective under 2.313-315 of Maryland's Uniform Commercial Code. The Plaintiff in this case is not praying for relief to repair or replace the machine.

Furthermore, in <u>Joswick</u>, the Court further noted Section 2-313(1)(a) of the Maryland U.C.C., that provides, where the buyer relies on any affirmation of a fact or promise made by the seller relating to the goods, that promise creates an express warranty that the goods will conform to such said promise. <u>Id</u> at 265. Plaintiff Locklear does not possess any documentation or information regarding the express and or implied warranties of the machine, however, believes that this information is discoverable from the Defendants. Furthermore, any information that may have been relied upon by the Buyer from the Seller in the purchase of this agreement is unknown until discovery has been performed.

Summarily, Plaintiff argues that it is premature for a finding of a dismissal on the warranty claims pursuant to Defendant's argument on the basis that the Plaintiff is not claiming a breach of warranty under 2-275, which Defendant relies upon; and, notwithstanding this fact, discovery is required to determine the extent of the warranties both express and implied in this matter.

VII.    Conclusion

For reasons herein stated, the Motion to Dismiss should be denied.

Respectfully submitted,

Kotzker/Shamy, P.L.

*John M. Kotzker*
electronically signed
John M. Kotzker, Esq.
Federal Bar # 10725
Attorney for Plaintiff/Trial Counsel
2724 West Atlantic Boulevard
Pompano Beach, Fl. 33069
(954) 956-7676
Fax (954) 956-9995

CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2004, a copy of the foregoing was served via U.S. Mail upon:

Douglas W. Biser
Matthew P. Lalumia #10863
Mudd, Harrison & Burch
105 W. Chesapkeake Ave. #300
Towson, Md. 21204
Attorneys for Defendants

*John M. Kotzker*
electronically signed
John M. Kotzker, Esq.