IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AARON LOCKLEAR               *
                             *
        v.                   *        Civil No. JFM-02-4087
                             *
BERGMAN & BEVING AB, ET AL.  *
                          *****

OPINION

On December 20, 1999, Aaron Locklear was seriously injured in an industrial accident. His right hand was "degloved" when it became caught in a metal fabrication machine he was operating during the course of his employment at Maryland Plastics, Inc. in Aberdeen, Maryland. He has brought this action against Luna AB ("Luna"), a Swedish corporation that he alleges manufactured the machine, and Bergman & Beving AB ("Bergman"), another Swedish corporation that he alleges is the parent of Luna.

Defendants have filed motions to dismiss on the grounds that the action is time barred and that they are not subject to personal jurisdiction in Maryland. Finding that the action is time barred, I do not reach the jurisdictional question.

I.

Plaintiff filed his original complaint in this court on December 17, 2002. Based on a label found stamped on the metal fabrication machine, Plaintiff named as defendants (a) Hassleholms Mekanisk AB ("Hassleholms"), (b) a Hassleholms Wire Roller Machine identified by serial number, and (c) as "John Doe" defendants, the unknown seller, distributor, and importer of the machine.

Plaintiff did not serve the originally named defendants within the 120-day period required by

Fed. R. Civ. P. 4(m). On April 30, 2003, I entered an order pursuant to Rule 4(m) directing Plaintiff to effect service on or before September 17, 2003. On September 4, 2003, Plaintiff filed a motion requesting a further nine months in which to effect service. In the motion Plaintiff indicated he had discovered that the actual manufacturer of the machine in question was not Hassleholms but another Swedish company. I granted the motion on September 8, 2003, giving Plaintiff nine months in which to effect service and requesting that an amended complaint be filed on or before October 10, 2003.

On October 9, 2003, Plaintiff filed his amended complaint, naming Luna and Bergman as defendants for the first time. He also altered the "John Doe" Defendants to encompass the unknown seller, distributor, and importer of a Luna Wire Roller Machine identified by the same serial number used in the original complaint.[1] Plaintiff's first contact with Defendants came via email messages sent to corporate officers for Luna and Bergman on or about February 20, 2004. According to affidavits submitted by Defendants, which are undisputed by Plaintiff, these emails were the first time that Defendants heard about the case.

On March 26, 2004, summonses were issued for Luna and Bergman. Process was effected on them on April 28, 2004.

II.

Maryland's three-year statute of limitations applies to this case. Md. Code Ann., Cts. & Jud.

---

[1] The records available to Defendants indicate that a now-defunct entity called MekanLuna AB manufactured machines of the type and serial number mentioned in the complaint. Three machines of this type apparently were sold to Hassleholms in 1982. This may explain why the name Hassleholms appeared on the machine in question.

Proc. §5-101.[2]  Because the amended complaint was filed more than three years after the incident in question, it must "relate back" to the original complaint in order to be considered timely.  Relation back is governed by Fed. R. Civ. P 15(c), which provides:

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

As this case deals with new defendants, three elements of Rule 15(c)(3) apply.  First, the claim must involve the same transaction or occurrence.  Second, Luna and Bergman must have received

---

[2]Although it does not affect my analysis or the conclusions I reach, it is perhaps worthy of note that the limitations period apparently expired not on December 20, 2002 (three years after the accident) but on or about February 20, 2003.  Under §9-902 of the Maryland Labor and Employment Code, "[t]he period of limitations for the right of action of a covered employee . . . against the third party does not begin to run until two months after the first award of compensation made to the covered employee . . . ."  This section "does not postpone the accrual of an injured employee's cause of action against a third party until two months after his first award of compensation, but, rather, merely interrupts the running of limitations for a period of two months after his first award."  *Turner v. Smalis, Inc.*, 622 F. Supp. 248, 251 (D. Md. 1985); *see also Hayes v. Wang*, 107 Md. App. 598, 601, 669 A.2d 771, 722 (1996).  Plaintiff received his first award of compensation either on December 23, 1999, when a check for temporary total compensation was mailed to him, or on February 23, 2000, when the Workers' Compensation Commission entered an order directing that weekly payments be made to Plaintiff retroactive to December 24, 1999.  In either event, the limitations period expired before I entered orders extending the time for service, before the amended complaint was filed, and before Defendants received notice of the suit.

notice of the action within the period provided by Rule 4(m) for service of the summons and complaint such that they will not be prejudiced in maintaining a defense on the merits. Third, Luna and Bergman must have known or should have known within the same notice period that the action would have been brought against them but for a mistake concerning identity. Defendants do not contest that Locklear's amended complaint arises out of the same transaction or occurrence as the original complaint. Thus, resolution of this question requires an inquiry into the remaining two requirements of Rule 15(c)(3).

A.

Rule 15(c)(3) requires a new defendant to receive notice of the institution of an action "within the period provided by Rule 4(m) for service of the summons and complaint." Rule 4(m) generally provides that a summons and complaint be filed within 120 days. In the present case, the 120-day period expired long before Defendants received their first notice of the suit. The original complaint was filed on or about December 17, 2002, and Defendants first received notice of the suit on February 20, 2004, more than fourteen months later.[3]

Rule 4(m), however, permits the granting of extensions to effect service. At Plaintiff's request, I granted two such extensions, and Defendants did receive email notification of the suit before the second extension expired. Plaintiff, relying upon the advisory committee notes to Rule 15(c)(3), contends that Defendants therefore received timely notice. The committee notes provide in relevant part:

---

[3]Plaintiff argues that because he identified the metal fabrication machine involved in this case by a serial number in the original complaint, Defendants were placed on notice of the suit at the time of the first filing. It cannot be said that this argument falls from its own weight, but only for the reason that the argument has no weight whatsoever. Obviously, the mere inclusion of a serial number in a complaint filed in Baltimore, Maryland is not sufficient to place Swedish corporations on notice that they are parties to a suit here.

> In allowing a name-correcting amendment within the time allowed by Rule 4(m), this rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule, as may be granted, for example, if the defendant is a fugitive from service of the summons.

Fed. R. Civ. P. 15(c), advisory committee's notes (1991 amendment).

This committee note refers to "a name-correcting amendment." Thus, the question arises whether the naming of entirely new defendants in an amended complaint (as was done here) falls within the purview of the rule. The context of the committee note suggests the answer is no. The note begins by stating that paragraph (c)(3) "has been revised to change the result in *Schiavone v. Fortune* [477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)] with respect to the problem of a misnamed defendant." *Schiavone* was a case in which the defendant truly was "misnamed." There, the plaintiff named "Fortune" as the defendant in a claim for libel based on an article that appeared in *Fortune* magazine. "Fortune" was the name of an internal division of Time, Incorporated (Time). 477 U.S. at 23. Because of this misnomer, the Court held that under the prior version of Rule 15(c), the attempted service upon "Fortune" was insufficient to cause a subsequent amendment naming Time as the defendant to relate back, even though the plaintiff had attempted to serve process on Time's resident agent. *Id.* at 27-32.

In the present case, Plaintiff did not "misname" the Defendants in his initial complaint. Rather, in the amended complaint, Plaintiff named entirely different companies than those he originally sued. In light of this fact, I find that the committee note does not apply and that the orders I entered on April 30, 2003, and September 8, 2003, cannot properly be deemed to have extended the period for service against Defendants. A contrary ruling would be fundamentally unfair, particularly because the limitations

5

period had already expired when I entered my orders and when Plaintiff amended his complaint to add Luna and Bergman. Moreover, such a ruling would raise serious separation of powers concerns because it would enable a court to subvert the legislatively declared policies of finality and repose underlying statutes of limitations solely on the basis of a plaintiff's ex parte submission.

B.

Even if my interpretation of the committee note is incorrect, the amended complaint still cannot properly relate back. Rule 15(c)(3) also requires that in order for the relation back doctrine to apply, "within the period provided by Rule 4(m) . . ., the party to be brought in by amendment . . . knew or should have known that, *but for a mistake concerning the identity of the proper party*, the action would have been brought against the party." (emphasis added). Did Defendants know (or should they have known) on February 20, 2004, when they first received notice of this suit, that they would have been named as defendants "but for a mistake concerning the identity of the proper party?"

Again, I find the answer is no. In construing the term "mistake," courts distinguish situations where the plaintiff merely erred in naming or formally identifying a party (e.g., *Schiavone*) from situations where the plaintiff did not know the identity of the party to be sued when he instituted the action. In the latter situation, courts have found that plaintiffs have not made a "mistake" within the meaning of Rule 15(c)(3) when failing to identify proper defendants in their original complaint. *See, e.g., Barnes v. Prince George's County*, 214 F.R.D. 379, 381 (D. Md. 2003) ("a lack of knowledge of the true identity of a party does not qualify as a 'mistake' as that term is interpreted by a majority of circuits, including the Fourth."). The majority rule where a plaintiff has filed her original complaint naming John Doe defendants is "that Rule 15(c) does not allow an amended complaint adding new

6

defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barnes* at 381 (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995)); *see also Wayne v. Jarvis*, 197 F.3d 1098 (11th Cir. 1999); *Baskin v. City of Des Plaines*, 138 F.3d 701 (7th Cir. 1998); *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996); *Wilson v. United States Gov't*, 23 F.3d 559 (1st Cir. 1994).

In the present case Plaintiff has not sought to add Luna and Bergman to replace John Doe defendants but to replace Hassleholms, whom Plaintiff initially believed to be the manufacturer of the metal fabrication machine. This is an immaterial distinction. Even in cases not involving John Doe defendants, the Fourth Circuit has held that relation back is not permitted "where there is a lack of knowledge of the proper party." *Western Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)).[4] Moreover, as a matter of policy, there is no reason that a newly-added defendant should be subjected to relation back solely because the plaintiff originally named a defendant entirely unrelated to him, rather than a John Doe defendant. The purpose of Rule 15(c)(3) is "to avoid the harsh consequences of a mistake that is neither prejudicial nor a surprise to the misnamed party. A potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose - unless it is or

---

[4]*Western Contracting* was decided before Rule 15(c) was amended to overturn the Supreme Court's decision in *Schiavone*. However, while the Fourth Circuit cited *Schiavone* in its opinion for the general proposition that "notice must be received [by a new party] within the limitations period," the court held the plaintiff would be denied the benefit of the relation back doctrine even assuming that the newly-added parties had received sufficient notice precisely because relation back is not permitted "where, as here, there is a lack of knowledge of the proper party." *Id.* at 1201.

7

should be apparent to that person that he is the beneficiary of a mere slip of the pen. . . ." *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir. 1997). Neither Bergman nor Luna could have anticipated this suit prior to the emails received in February 2004, more than four years after Plaintiff's injury. Absent any notification of suit, constructive or otherwise, the Defendants are entitled to the repose and finality that underlies the decision to adopt a statute of limitations.

      A separate order granting Defendants' motion to dismiss is being entered herewith.


<u>October 29, 2004</u>                  /s/<u>                           </u>
Date                            J. Frederick Motz
                                United States District Judge