```
                        JUDGMENT
                                        FILED: August 7, 2006

            UNITED STATES COURT OF APPEALS

                         for the

                     Fourth Circuit


                      No. 04-2506
                   CA-02-4087-1-JFM                 AUG  7 2006
```

AARON LOCKLEAR

        Plaintiff – Appellant

v.

BERGMAN & BEVING AB; LUNA AB

        Defendants – Appellees

        and

HASSLEHOLMS MEKANISK, AB, and or its successor or assign, purchaser or surviving legal entity; A HASSLEHOLMS WIRE ROLLER MACHINE TYPE 1P110/5 SERIAL #:954; UNKNOWN SELLER OF A HASSLEHOLMS WIRE ROLLER MACHINE TYPE 1P110/5 SERIAL #:954; UNKNOWN DISTRIBUTOR, A Hassleholms Wire Roller Machine Type 1P110/5 Serial #:954; UNKNOWN IMPORTER, A Hassleholms Wire Roller Machine Type 1P110/5 Serial #:954

        Defendants

---

Appeal from the United States District Court for the District of Maryland at Baltimore

---

In accordance with the written opinion of this Court filed this day, the Court affirms the judgment of the District Court.

A certified copy of this judgment will be provided to the District Court upon issuance of the mandate. The judgment will take effect upon issuance of the mandate.

/s/ Patricia S. Connor
_____
        CLERK

FILED _____ ENTERED
_____ LODGED

AUG 7 2006

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| AARON LOCKLEAR,<br>    *Plaintiff-Appellant,*<br>v.<br>BERGMAN & BEVING AB; LUNA AB,<br>    *Defendants-Appellees,*<br>and<br>HASSLEHOLMS MEKANISK, AB, and or its successor or assign, purchaser or surviving legal entity; A HASSLEHOLMS WIRE ROLLER MACHINE TYPE 1P110/5 SERIAL #:954; UNKNOWN SELLER OF A HASSLEHOLMS WIRE ROLLER MACHINE TYPE 1P110/5 SERIAL #:954; UNKNOWN DISTRIBUTOR, A Hassleholms Wire Roller Machine Type 1P110/5 Serial #:954; UNKNOWN IMPORTER, A Hassleholms Wire Roller Machine Type 1P110/5 Serial #:954,<br>    *Defendants.* | No. 04-2506 |

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-02-4087-1-JFM)

Argued: May 22, 2006

Decided: August 7, 2006

Before WILLIAMS and GREGORY, Circuit Judges,
and Henry F. FLOYD, United States District Judge for the
District of South Carolina, sitting by designation.

| 2 | LOCKLEAR v. BERGMAN & BEVING AB |
|---|---|

Affirmed by published opinion. Judge Floyd wrote the opinion, in which Judge Williams and Judge Gregory joined.

## COUNSEL

**ARGUED:** Daniel Joseph Shamy, John Michael Kotzker, KOTZKER & SHAMY, P.L., Pompano Beach, Florida, for Appellant. Matthew Paul Lalumia, MUDD, HARRISON & BURCH, L.L.P., Towson, Maryland, for Appellees. **ON BRIEF:** Douglas W. Biser, MUDD, HARRISON & BURCH, L.L.P., Towson, Maryland, for Appellees.

## OPINION

FLOYD, District Judge:

Aaron Locklear (Locklear) brings this appeal, asserting that the district court erred when it dismissed his action against Luna AB (Luna) and Bergman & Beving AB (Bergman). The district court held that the suit was time-barred because the amended complaint, naming Luna and Bergman for the first time, did not relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c)(3).

Locklear contends that the amended complaint relates back to the original complaint because Luna and Bergman were properly substituted for a mistakenly-named defendant and effectuated with service within a court-granted extension as set forth by Fed. R. Civ. P. 4(m).

We disagree and, for the reasons set forth below, affirm the judgment of the district court.

I.

The parties agree on most of the facts relevant to this appeal. On December 20, 1999, Locklear's right hand became "degloved" while operating a metal fabrication machine during the course of his employment at Maryland Plastics, Inc. in Aberdeen, Maryland. (J.A.

| LOCKLEAR v. BERGMAN & BEVING AB | 3 |
|---|---|

at 113.) Maryland's three-year limitations period covering tort claims applies to this case; however, due to a temporary tolling provision governing worker's compensation claims, the statute of limitations expired on or about February 20, 2003. Md. Code Ann., Labor and Employment § 9-902 (1999); J.A. at 115.

Locklear filed his original complaint on December 17, 2002, with the United States District Court for the District of Maryland. The original complaint named as defendants (1) Hassleholms Mekanisk AB (Hassleholms); (2) a Hassleholms Wire Roller Machine identified by serial number; and (3) "John Doe" defendants for the unknown seller, distributor, and importer of the machine. (J.A. at 6-7, 113.) At the time of Locklear's original filing, he stated that service of the summons would occur "at a later date." (J.A. at 14.) Locklear did not serve Hassleholms, the originally named defendant, within the 120-day period required by Fed. R. Civ. P. 4(m); however, on April 30, 2003, the district court, acting *sua sponte*, extended Locklear's service of process period to September 17, 2003. (J.A. at 14.)

On September 4, 2003, Locklear filed a motion requesting nine additional months in which to effectuate service. (J.A. at 15.) As the basis for his request, Locklear informed the court that he had only recently discovered that Luna and Bergman were the correct manufacturers of the machine and that Hassleholms, the originally-named defendant, was merely the city where the manufacturer was located. (J.A. at 15-16, 18.) The district court granted the motion, ordering that service be effected upon Luna and Bergman on or before June 17, 2004, and directed that an amended complaint be filed on or before October 10, 2003. (J.A. at 19.)

On October 9, 2003, Locklear filed his amended complaint, replacing the previously-named Hassleholms with newly-named Defendants Luna and Bergman. (J.A. at 20.) Locklear first contacted Luna and Bergman via electronic mail messages sent to their corporate officers on February 20, 2004. (J.A. at 53, 55.) On March 26, 2004, summonses were issued for Luna and Bergman, and process was served on Bergman and Luna on April 27, 2004, and April 28, 2004, respectively.

Luna and Bergman subsequently moved to dismiss the complaint on the grounds that Locklear's action was barred by Maryland's

| 4 | LOCKLEAR V. BERGMAN & BEVING AB |
|---|---|

three-year statute of limitations and that they were not subject to personal jurisdiction in Maryland. The district court, without reaching the jurisdictional issue, granted the motion, holding that it failed to relate back to the original complaint pursuant to Fed. R. Civ. P. 15(c)(3). This appeal followed.

## II.

The issue before us is whether an amended complaint filed after the statute of limitations expired but during a court-ordered extension of time for service of process, which adds a new party in place of a mistakenly-named party, relates back to the original complaint pursuant Fed. R. Civ. P. 15(c)(3). We review the district court's analysis of this question of law *de novo*. *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002).

As already observed, under Maryland law, Locklear's products liability claim against Luna and Bergman is subject to a three-year statute of limitations (subject to extension under the worker's compensation scheme), which expired on February 20, 2003. Md. Code Ann., Cts. & Jud. Proc. § 5-101 (2002). Thus, unless the amended complaint — filed after the statute of limitations ran — relates back to the date of the original filing, it will be barred by the statute of limitations and subject to dismissal. *See Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996) (noting that dismissal is the appropriate remedy when a claim is time-barred).

Locklear raises two arguments in support of his assertion that his amended complaint relates back pursuant to Fed. R. Civ. P. 15(c)(3): (1) replacing Hassleholms with Luna and Bergman qualifies as a mistake pursuant to Fed. R. Civ. P. 15(c)(3)(B); and (2) Luna and Bergman received timely notice and service of process under a Fed. R. Civ. P. 6(b)(2) court-granted service of process extension.[1] We reject his first argument and do not reach the second.[2]

---

[1] While Locklear maintains that the district court acted pursuant to Fed. R. Civ. P. 6(b)(2) when it extended the time for service, the court stated that it acted under Rule 4(m). (J.A. at 114.) Ultimately, however, this distinction makes no difference to our resolution of this appeal.

[2] Although Locklear cites a Maryland case in support of his position that he misnamed the proper defendant here, (Appellant's Br. 33-34), it

| LOCKLEAR V. BERGMAN & BEVING AB | 5 |
|---|---|

Fed. R. Civ. P. 15(c), which governs name-changing amendments, provides in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when
>
> . . .
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The amended complaint in this case indisputably satisfies the first requirement of Rule 15(c)(3) because it simply adds the names of the newly-discovered defendants without altering the underlying cause of action stated in the original compliant. We therefore focus our attention solely on the application of Rule 15(c)(3)'s remaining requirements to Locklear's amended complaint, beginning with the requirement that Luna and Bergman "knew or should have known that, but for a mistake concerning" their identity, the action would have been brought against them.

---

is unclear whether, in so doing, he is arguing that his complaint should relate back under *state law* pursuant to Fed. R. Civ. P. 15(c)(1). Because Locklear did not clearly raise, in his opening brief, the argument that Maryland law permits relation-back here, we deem it waived. *Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002).

6        LOCKLEAR V. BERGMAN & BEVING AB

Although Rule 15(c)(3)(B) speaks broadly of a "mistake concerning the identity of the proper party," we have, in analyzing the scope of this rule, distinguished between mistake due to a lack of knowledge and mistake due to a misnomer. In so doing, we have not viewed lack of knowledge of the proper party to be sued as a "mistake" as that term is used in Rule 15(c)(3)(B). In the principal case on point, *Western Contracting Corp. v. Bechtel Corp*, we adopted the Seventh Circuit's holding that

> Rule 15(c)(2)[3] permits an amendment to relate back where that party is chargeable with knowledge of the mistake, but it does not permit relation back where, as here, there is a lack of knowledge of the proper party.

885 F.2d 1196, 1201 (4th Cir. 1989) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)) (internal citations omitted). We have also noted that "Rule 15 has its limits, and courts properly exercise caution when reviewing an application of the rule which would increase a defendant's exposure to liability." *Intown Properties Management, Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 170 (4th Cir. 2001); *see also Rennie v. Omniflight Helicopters, Inc.*, No. 97-1524, 1998 WL 743678 (4th Cir. Oct. 23, 1998). Rule 15, moreover, must be applied especially cautiously when an amendment that "drags a new defendant into a case" is proposed. *Intown Properties*, 271 F.3d at 170.

Our interpretation of Rule 15(c)(3)(B) finds support in the jurisprudence of other circuits. For example, in *Rendall-Speranza v. Nassim*, the D.C. Circuit held that "a potential defendant who has not been named in a lawsuit by the time the statute of limitations has run is entitled to repose — unless it is or should be apparent to the person that he is the beneficiary of a mere slip of the pen[.]" 107 F.3d 913, 918 (D.C. Cir. 1997). Likewise, the First Circuit, in adopting the same rationale we relied upon in *Bechtel*, found that a mistake does not relate back "where, as here, there is a lack of knowledge of the proper party." *Wilson v. United States Gov't*, 23 F.3d 559, 563 (1st Cir. 1994) (quoting *Wood*, 618 F.2d at 1230). Similarly, the advisory committee's notes to the 1991 amendments to Rule 15(c) lend support to

---

[3] Rule 15(c)(3) was numbered 15(c)(2) when *Bechtel* was decided.

| LOCKLEAR V. BERGMAN & BEVING AB | 7 |
|---|---|

the conclusion that "mistake" under subsection (3)(B) is distinguishable from a lack of knowledge of the proper defendant to be sued. The committee noted, "If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time *to correct a formal defect such as a misnomer or misidentification.*" Fed. R. Civ. P. 15 advisory committee's note (1991 amendment) (emphasis added).

Based on these interpretations of Rule 15(c)(3)(B) — including our decision in *Bechtel*, which controls here — Locklear's substitution of Luna and Bergman for Hassleholms does not, for several reasons, qualify as a mistake under Rule 15(c)(3)(B).

First, Locklear's attempt to replace Hassleholms with Luna and Bergman can hardly be counted as a "mere slip of the pen." Rather, Locklear, by his own admission, lacked the requisite knowledge of the machine's manufacturer until eight months after filing the original complaint and six months after the statute of limitations expired. (J.A. at 15) ("Undersigned counsel has recently (within the last two weeks)[of September 4, 2003] discovered the name and location of the manufacturer[.]"). This being the case, *Bechtel* clearly forecloses Locklear's contention that his substitution of Luna and Bergman for Hassleholms constitutes a "mistake" under Rule 15(c)(3)(B).

Second, Locklear's argument, if accepted, would erode the distinction between misidentification and lack of knowledge which we have held to be inherent in the meaning of Rule 15(c)(3)(B). *Bechtel*, 885 F.2d at 1201. As a result, Locklear would expand Rule 15(c)(3) beyond its intended purpose, which is to prevent a defendant from defeating an action on the basis of a formality that is neither a surprise or prejudicial to the misnamed party. *Nassim*, 107 F.3d at 918.

Third, Locklear's position fails because it would produce a paradoxical result wherein a plaintiff with no knowledge of the proper defendant could file a timely complaint naming any entity as a defendant and then amend the complaint to add the proper defendant after the statute of limitations had run. In effect, this would circumvent the weight of federal case law holding that the substitution of named parties for "John Doe" defendants does not constitute a mistake pursuant to Rule 15(c)(3). *Wayne v. Jarvis*, 197 F.3d 1098, 1103-04 (11th Cir.

1999); *Jacobsen v. Osborne*, 133 F.3d 315, 321 (5th Cir. 1998); *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (internal quotations and citations omitted); *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995), *modified* 74 F.3d 1366 (2d Cir. 1996); *Wilson*, 23 F.3d at 563.

To overcome these deficiencies in his position, Locklear relies primarily on *McGuire v. Turnbo*, 137 F.3d 321, 325 (5th Cir. 1998), for his assertion that adding a new party during a court-granted extension satisfies Rule 15(c)(3)(B).[4] *McGuire*, however, is easily distinguished because it addresses the formal name-correcting amendments anticipated when suing a United States entity or official.

In *McGuire*, the plaintiff originally sued the warden and other federal prison personnel because of their status as agents of the United States. *Id.* at 321. After filing the original complaint, the plaintiff received a two-week extension to serve process on the named defendants and the United States Attorney and United States Attorney General. *Id.* at 322. McGuire subsequently amended her complaint to include the United States as a party. *Id.*

The 1991 Committee Notes address this type of name-changing situation by stating:

> Rule 15(c) in conjunction with the revision of Rule 4(I) with respect to the failure of a plaintiff in an action against the United States to effect timely service on all the appropriate officials is intended to produce results contrary to those reached in *Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir. 1989) (holding that the naming of one government party or the wrong government official does not place the proper government party or official on notice of the suit); *Rys v.*

---

[4]Locklear also briefly relies on *DeRienzo v. Harvard Indus.*, 357 F.3d 348 (3d Cir. 2004). *DeRienzo*, however, is inapposite because it is based on a New Jersey statutory provision — not applicable here — permitting the naming of John Doe defendants. In contrast, Maryland law does not provide for the use of John Doe defendants. *Nam v. Montgomery County*, 732 A.2d 356, 363 (Md. Ct. Spec. App. 1999).

LOCKLEAR v. BERGMAN & BEVING AB   9

*U.S. Postal Service*, 886 F.2d 443, 446-47 (1st Cir. 1989) (finding that although a plaintiff had named the United States Postal Service and three local departments, he was barred from amending his complaint to name the Postmaster General of the United States); *Martin's Food & Liquor Inc. v. U.S. Dept. of Agriculture*, 702 F. Supp. 215, 216 (N.D. Ill. 1989) (dismissing the plaintiff's case against the United States Department of Agriculture because he was required to name the United States).

Fed. R. Civ. P. 15 advisory committee's note (1991 Amendment). As the D.C. circuit noted, this commentary "clearly indicates the rule is intended to be a means for correcting the mistakes of plaintiffs suing official bodies in determining which party is the proper defendant." *Nassim*, 107 F.3d at 918 (quoting *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 560 (7th Cir. 1996)). Thus, *McGuire* does not influence our view of mistake due to lack of knowledge because it addresses only the notification of the United States of a pending lawsuit by service of process on its agents.

We therefore reaffirm that Rule 15(c)(3)(B) is not satisfied when the claimed mistake consists of a lack of knowledge of the proper party to be sued. Because we find that replacing Hassleholms with Luna and Bergman does not qualify as a "mistake" as that term is used in this rule, we need not address Locklear's second argument that Luna and Bergman were properly noticed and effectuated with service under Rule 4(m) as extended by the district court. *See Leonard v. Parry*, 219 F.3d 25, 28 (1st Cir. 2000) (noting that each of the Rule 15(c)(3) must be satisfied before an amendment will relate back).

### III.

Accordingly, we AFFIRM the district court's dismissal of Locklear's complaint.

*AFFIRMED*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

NOTICE OF JUDGMENT
August 7, 2006

TO:  John Michael Kotzker, Esq.
Daniel Joseph Shamy, Esq.
Douglas Windsor Biser, Esq.
Matthew Paul Lalumia, Esq.

Judgment was entered this date in Case Number(s):   04-2506

The Court's decision is enclosed.

PETITION FOR REHEARING (FRAP 40)
PETITION FOR REHEARING EN BANC (FRAP 35)

Filing Time
A petition must be received in the clerk's office within 14 days after judgment to be timely. There are three exceptions to this rule:

(1)  In all civil cases in which the United States or an agency or officer thereof is a party, any petition for rehearing must be received in the clerk's office within 45 days after entry of judgment.

(2)  The Court may grant an extension of time or leave to file a petition for rehearing out of time if the party establishes that the delay resulted from the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or other circumstances wholly beyond the control of counsel or a party proceeding without counsel.

(3)  Prisoner petitions are deemed filed when delivered to prison authorities.

If a petition for rehearing en banc is to be filed, it must be filed at the same time and in the same document as the petition for rehearing and must be clearly identified in the title.

Each case number to which the petition applies must be listed on the petition, even in companion or consolidated cases. Failure to list the individual case numbers on the petition will result in the unidentified cases proceeding to mandate even if a timely petition for rehearing has been filed in a companion or consolidated case.

A timely filed petition for rehearing or petition for rehearing en banc will stay the mandate and toll the running of time for filing a petition for writ of certiorari.

Purpose
A petition should only be made to direct the Court's attention to one or more of the following situations:

1. A material fact or law overlooked in the decision.
2. A change in the law which occurred after the case was submitted and which was overlooked by the panel.
3. The opinion is in conflict with a decision of the United States Supreme Court, this Court, or another court of appeals, and the

|  |  |
|---|---|
| | conflict is not addressed in the opinion.<br>4. The proceeding involves one or more questions of exceptional importance. |
| Statement of Counsel | A petition shall contain an introduction stating that, in counsel's judgment, one or more of the situations exist as described in the above "Purpose" section. The points to be raised shall be succinctly listed in the statement. |
| Form | The 15 page limit allowed by the Rule shall be observed. The Court requires 4 copies of the petition (20 copies of a petition for rehearing en banc), and a copy of the Court's opinion must be attached to each copy of the petition. |

## BILL OF COSTS (FRAP 39)

|  |  |
|---|---|
| Filing Time | A party to whom costs are allowed, who desires taxation of costs, shall file a bill of costs on or before 08/21/06. |

## MANDATE (FRAP 41)

|  |  |
|---|---|
| Issuance Time | In original proceedings before this Court, there is no mandate. Unless the Court shortens or extends the time, in all other cases, the mandate issues 7 calendar days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay the issuance. If the petition or motion is denied, the mandate will issue 7 calendar days later. If a stay of mandate is sought, only the original of a motion need be filed. |
| Stay | A motion for stay of the issuance of the mandate shall not be granted simply upon request. Ordinarily the motion will be denied unless it would not be frivolous or filed merely for delay and would present a substantial question or otherwise set forth good or probable cause for a stay. |

## CRIMINAL CASES (Plan in Implementation of the CJA)

|  |  |
|---|---|
| Criminal | In criminal cases, counsel must inform the defendant in writing of the right to file a petition for writ of certiorari from an adverse decision of this Court. Counsel appointed under the Criminal Justice Act must file their vouchers within 60 days of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari, whichever is later. |

## PETITION FOR WRIT OF CERTIORARI   (Sup.Ct.R. 13)

|  |  |
|---|---|
| Filing Time | Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. The petition must be filed in the United States Supreme Court within 90 days of this Court's entry of judgment. The time does not run from the issuance of the mandate. If a petition for rehearing is timely filed, the time runs from the denial of that petition. Content, fees, and number of copies of a petition for writ of certiorari are governed by the Rules of the United States Supreme Court. |